ALBANY,
Jan. 1813.

HASWELL
v.
BUSSING.

———※⊕※———

### GREEN *against* GUTHRIE.

The same *notice* of assessment of damages, before the clerk, must be given as for the trial of a cause.

THE COURT stated the rule of practice to be, that the same *notice* of assessment of damages by the clerk, or of executing a writ of inquiry, must be given, as for the trial of a cause, where an issue was joined.

———※⊕※———

### HASWELL *against* BUSSING.

If a justice of the peace, examines a party, as a witness *de bene esse*, in a cause, it is error, though it is stated in the return, that he, afterwards, disregarded the evidence as improper.

IN ERROR, on *certiorari*, from a justice's court. The material fact stated on the return was, that the justice admitted one of the parties, as a witness *de bene esse;* but that he afterwards disregarded the testimony, not considering it as evidence in the cause.

*J. Hamilton,* for the plaintiff in error.

*Foot,* contra.

*Per Curiam.* The judgment must be reversed. It would lead to great abuse, if a justice were allowed to admit a witness to testify, *de bene esse,* and to say, that he afterwards disregarded the evidence.

———※⊕※———

### GENERAL RULE.

*January 22,*
1813.

ORDERED, that whenever a motion shall be made to set aside a report of referees, on the merits, or for a new trial, upon newly discovered evidence, copies of the affidavits whereon the motion is made or opposed, shall be furnished to each of the judges, on the opening of the argument: And whenever a motion shall be made in arrest of judgment, copies of the pleadings, or of so much thereof as may be necessary, shall be delivered to each of the judges, on making the motion.