Meyers *v.* Betts.

## MEYERS *vs.* BETTS

Where evidence objected on the trial, is held to be competent and is received, it cannot properly be rejected as incompetent when the issue comes to be decided. Therefore, where referees received in evidence the account books of the defendant, against an objection of the plaintiff that sufficient proof concerning them had not been made, and subsequently reported against the defendant, stating that they had not allowed the books as evidence; *held* that the report must be set aside whether the books were competent or not.

MOTION to set aside report of a referee. The action was assumpsit on an account for goods, merchandize, lumber, &c. The defendant, with his plea, gave the usual notice of set-off. On the trial, the defendant, to prove his account, introduced his books, and gave preliminary proof under which he claimed that they were entitled to be received in evidence. To this the plaintiff's counsel objected, but after argument the referee decided that the books were sufficiently proved, and received them in evidence. After the proofs were closed, the referee took time to deliberate, and subsequently reported in favor of the plaintiff, and stated in his report that in making up his judgment, "the books of the defendant were not allowed as evidence."

*W. J. Bacon,* for defendant.

*M. T. Reynolds,* for plaintiff.

PER CURIAM. The counsel for the defendant alleges various errors in the report of the referee, which is sought to be set aside. Among other things, it appears that on the trial of the cause, the referee decided that the proof made by the defendant was sufficient to authorize his books to be received in evidence, and they were received accordingly. It is very likely that in this he may have erred, but they were received, and thereupon the defendant gave no further proof of his account. The effect of this decision was of course to lull him into security *Non*

*constat* that if the decision had been against him, he might not have introduced other and more conclusive evidence. After the trial is ended, and the parties are gone, the referee reviews his decision, and comes to an opposite conclusion, and decides to exclude the books as testimony. This will not answer. The rights of parties may be seriously compromitted by such a practice, and it might lead to serious abuse if a judicial tribunal, on the trial of the cause, should receive testimony which in a subsequent stage of the case determined it to disregard. The report of the referee must be set aside.(*a*)

Motion granted

(*a*) See *Heeley* v. *Barnes*, (4 *Denio*, 73.)