Allen *v.* Way.

---

7  585
71h 535

SAME TERM.    *Before the same Justices.*

## ALLEN and others *vs.* WAY and others.

The fact that upon the hearing of a cause before a referee a party excepts to the decisions of the referee, and that those exceptions appear in the case made for the purpose of obtaining a new trial, does not make it a bill of exceptions. It is to be treated as a case, *it seems.*

And if from such case the court can see that improper evidence, admitted by the referee, although objected to, did not and could not possibly have injured the party objecting, a new trial will not be granted because of the admission of such evidence.

But if improper evidence is admitted by a referee, in a case where the facts are not clearly and indisputably established without it, a new trial will be granted, notwithstanding the referee states, in his report, that in considering the case and making his report thereon, he rejected such improper evidence. For in such a case the court can not say that the objectionable evidence could not possibly have influenced the referee.

A referee or court can not, while professing to admit evidence absolutely, admit it, in fact, *de bene esse*, and then reject it, upon making up a decision or report upon the whole case. Interlocutory decisions, made upon the trial, can not be reviewed in that manner.

The discretion as well as the authority of a referee, over the interlocutory questions presented in the progress of the trial, ceases with *his* decision of them; or at least with the trial itself.

Allen *v.* Way.

THIS was an appeal from a judgment entered upon the report of a referee. The action was for the recovery of the value of a quantity of salt sold by the defendant Way, by the direction of his co-defendant Frazer, and claimed by the plaintiffs as their property. The defendants justified under a judgment and execution against one Bunnell, and claimed that the salt was his property. The plaintiffs proved that in 1848 Bunnell manufactured the salt in question under an arrangement with the firm of Kingsley & Co., by which the latter made advances for the purchase of wood and barrels, and were paid by a lien on the salt; and that after the salt was manufactured, an arrangement was made between Bunnell, Kingsley & Co. and the plaintiffs, by which the plaintiffs repaid Kingsley & Co. their advances. And there was some evidence tending to show a sale of the salt to the plaintiffs, and that they barrelled it, and exercised acts of ownership over it without removing it from the premises where it was manufactured, which were leased by the defendant Frazer to Bunnell. Several questions upon the admission of evidence were made and disposed of, upon the trial, and the referee reported in favor of the defendants, for the value of the salt. From the judgment entered upon such report the defendants appealed.

*J. S. Spencer*, for the appellants.

*P. Outwater, Jr.* for the respondents.

*By the Court*, ALLEN, J. Upon the trial of the cause, several exceptions were taken by the defendants to the decision of the referee, admitting evidence objected to by the defendants, but which the referee, by notes inserted in the case, states that he rejected in considering the case and making his report thereon. There was no question reserved upon the trial in relation to the admission of this evidence, to be thereafter considered and decided by the referee; and one question is whether a referee can, in the manner adopted in this instance, review his decisions made upon the trial, and whether by such review a party loses

---

Allen *v.* Way.

---

the benefit of his exceptions. By the code trials by the court and by referees are conducted, and decisions reviewed, in the same manner; and as the code has not made special provisions in relation to exceptions taken in the progress of trials, the rights of parties must depend upon the established practice of the courts, so far as it can be applied to the new system. In reviewing judgments of justices of the peace, it has been repeatedly held that the admission of illegal evidence was cause for reversal of the judgment, notwithstanding the justice returned that he disregarded the evidence, in case of a trial without a jury, or upon a trial by jury directed them that the evidence was incompetent, and that they should disregard it. (*Haswell* v. *Bussing*, 10 *John.* 128. *Penfield* v. *Carpender*, 13 *Id.* 350. *Irvine* v. *Cook*, 15 *Id.* 239.)

In *Marquand* v. *Webb*, (16 *John.* 89,) upon error to the mayor's court of New-York, the superior court, Spencer, J. delivering the opinion, reversed the judgment of the court below on account of the admission of improper evidence, although the evidence admitted was merely cumulative, the same fact having been proved by two other witnesses. This doctrine was approved and confirmed by the court for the correction of errors, in *Osgood* v. *Manhattan Company*, (3 *Cowen*, 612.) It has been held, however, that when the objectionable testimony is such as can not possibly mislead, or has been waived expressly or impliedly *by the party* introducing it, the court will not disturb the verdict, as in *Norris* v. *Badger*, (6 *Cowen*, 449,) where a party was allowed to prove incumbrances upon certain premises by parol, but in a subsequent stage of the trial he fully established the existence of the same incumbrances by competent evidence. The court in that case say, "the admission of it [the parol evidence] might be error, had it been possible that the jury placed any reliance upon it, or could have been misled by it. Going into documental proof was equivalent to a waiver of the parol evidence, which takes away the error." But in this class of cases the acts which are held to take away error are the acts of the party waiving the illegal evidence, and transpire upon the trial, and are known to the adverse party, so that there is no

controversy about the facts sought to be established by the incompetent evidence. (*Smith* v. *Kerr*, 1 *Barb. S. C. Rep.* 155.) In *Northrop* v. *Wright*, (24 *Wend.* 221,) the court denied the motion for a new trial, upon a case, although the declarations of the defendant's grantor were improperly admitted in evidence against him; the court saying that "the case, especially as to ownership, the point to which the improper evidence related, was entirely sustained without it." But they also say that were it a question made by a bill of exceptions, they should be bound to grant a new trial. Whether this proceeding is to be treated as a motion for a new trial upon a case, or as a proceeding analogous to a motion for a new trial upon a bill of exceptions, or in the nature of a writ of error, is not very clear. The whole case is presented as provided by rule 24, and as it would have been presented under the former practice. Under that system it would have been but a motion for a new trial, upon the case, and error would not lie to the decision of this court upon a case containing the whole evidence, as this does. The fact that the party has taken exceptions to the decision of the referee, and that these exceptions appear in the case, does not make it a bill of exceptions; and my impression is that it is to be treated as a case, and that if from the case we can see that the objectionable evidence did not and could not possibly have injured the defendants, a new trial should be denied; or, in other words, the judgment be affirmed. But there is great difficulty in saying that the evidence, if incompetent, did not prejudice the defendants. It would be liable to great abuse if a referee or court could admit evidence in fact *de bene esse*, although professedly to admit it absolutely, and then reject it upon making up a decision or report upon the whole case. (*Miller* v. *Haswell, sup.*) The rights of both parties might be prejudiced by the act of the court or referee in thus reviewing their interlocutory decisions. (1.) The party whose evidence is at first admitted, and finally rejected, loses the opportunity of excepting to the final decision by which his evidence is excluded, as well as the opportunity of supplying evidence of the same facts, from some other source. (2.) The party against whom the evidence is admitted, relying

Allen *v*. Way.

upon the ruling, may, for aught that can appear, have presented his case in an entirely different manner from that in which, but for the admission of the objectionable evidence, he would have done. It is a power which cannot be safely exercised by a referee. His discretion, as well as his authority over the interlocutory questions presented in the progress of the trial, ceases with his decision of them, or at least with the trial itself. Probably during the trial an error in the admission or rejection of evidence may be cured; for during that time the parties may be placed in the same position in which they were before the error.

In this case the evidence of title in the plaintiffs was not so clear or conclusive that we could say that it was proved beyond dispute, and that for that reason the evidence, if improper, could have had no possible influence upon the referee. If the referee had no power to revise his decision and reject the evidence, then if the evidence was incompetent a new trial must be granted as the fact was not clearly and indisputably established, without the objectionable evidence. (*Prince* v. *Shepard*, 9 *Pick.* 176, *and cases cited above.*)

The declarations of Bunnell, after the alledged sale to the plaintiffs, were inadmissible as against the defendants, to prove such sale. Bunnell was a competent witness, and should have been produced and examined as such. (*Paige* v. *Cagwin*, 7 *Hill*, 361.) And in one instance the declarations proved went further than to establish the fact of the transfer. They were given in evidence to prove the state of the accounts between him and the plaintiffs, after the sale of the salt to them. For these errors of the referee the judgment must be reversed and a new trial granted: costs to abide the event.