Frederick S. Robinson, as Trustee of Mary E. Nelson, et al., Respondents, *v.* The New York Elevated Railroad Company et al., Appellants, and George P. Nelson, Indi-vidually and as Executor of Mary E. Nelson, Deceased, Respondent.

1. Elevated Railroad — Proof of Damages    Upon the trial of an action to recover fee and rental damages alleged to have been caused by the construction, operation and maintenance of an elevated railroad, evidence of sales and rentals of specific pieces of property other than the premises in suit is inadmissible; the general course and amount of values may be shown by experts, leaving to a cross-examination any inquiry into specific instances; if upon such examination inquiry is made as to other property, the plaintiff may on redirect examination make full inquiry with reference thereto, but he cannot give evidence with respect to additional property not embraced in such examination.

2. Trial — Error in Admitting Incompetent Evidence Not Cured by Statement of Judge That it Was Disregarded. A trial judge cannot disregard evidence and strike it from the record after the case has been duly submitted to him for decision; an error, therefore, in admitting incompetent evidence is not cured by a statement in his decision and in the judgment entered thereon that in deciding the case he disregarded the error.

*Robinson* v. *Manhattan Railway Co.*, 73 App. Div. 626, reversed.

(Argued May 6, 1903; decided June 2, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1902, affirming a judgment in favor of plaintiffs entered upon a decision of the court·on trial at Special Term.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies, Alfred A. Wheat* and *Charles A. Gardiner* for appellants. The court below erred in admitting incompetent evidence over the objections of the defendants. (*Matter of Thompson*, 127 N. Y. 463 ; *Jamieson* v. *K. C. E. R. R. Co.*, 147 N. Y. 325 ; *Witmark* v. *N. Y. El. R. R. Co.*, 149 N. Y. 393 ; *Gutman* v. *Ry. Co.*, 91 Hun, 642 ; *Winters* v. *Ry. Co.*, 15 Misc. Rep. 8 ; *Boetzkes* v. *M. Ry. Co.*, 1 App. Div. 526 ; *Innes* v. *M. Ry. Co.*, 3 App. Div. 541 ; *Stuyvesant* v. *M. Ry. Co.*, 4 App. Div. 159.) The error was not cured by the statement made by the court in its decision that the objectionable evidence had been disregarded. (*Meyers* v. *Betts*, 5 Den. 81 ; *Allen* v. *Way*, 7 Barb. 585 ; *Bloss* v. *Morrison*, 47 Hun, 218 ; *Blashfield* v. *E. S. T. & T. Co.*, 71 Hun, 532 ; 147 N. Y. 520.)

*Henry A. Forster* and *John A. Weeks* for plaintiffs, respondents. The court did not err in its rulings on the redirect examination of plaintiffs' expert. A cross-examination as to new matter opens the door to an explanation or qualification by the same witness of any matter concerning which he was cross-examined, to rebut and destroy the inference to be derived from the portion put in evidence. (*Grattan* v.

*M. L. Ins. Co.*, 92 N. Y. 275; *Blumenthal* v. *Blooming-dale*, 100 N. Y 559; *Distin* v. *Rose*, 69 N. Y. 122; *Clift* v. *Moses*, 112 N. Y. 427.) Whenever a party's case is sufficiently proved by other evidence the courts have sustained a trial judge's certificate that he has disregarded evidence of a doubtful or improper character. (*Cole* v. *F. B. C. Co.*, 159 N. Y. 59; *People* v. *Schooley*, 149 N. Y. 99; *People* v. *Wilson*, 141 N. Y. 185; *Chesebrough* v. *Conover*, 140 N. Y. 382; *Penn. Co.* v. *Roy*, 102 U. S. 452; *Nette* v. *N. Y. El. R. R. Co.*, 13 Misc. Rep. 218; *Kopetzky* v. *Met. El. Ry. Co.*, 14 Misc. Rep. 311; *Matter of G. C. Comrs.*, 52 App. Div. 122; 164 N. Y. 575; *Blashfield* v. *E. S. T. & T. Co.*, 71 Hun, 532; 147 N. Y. 532; *Bloss* v. *Morrison*, 47 Hun, 218.)

*Lawrence E. Brown* and *Edward F. Brown* for the respondent. The admission of testimony as to the actual sales and rentals of specific pieces of property in the neighborhood was immaterial, as it was disregarded by the court in determining the amount of the damages. (*Flynn* v. *Man. Ry. Co.*, 1 Misc. Rep. 188.)

Bartlett, J. This is the usual elevated railroad case to recover fee and rental damages, and under the unanimous decision the defendant railway companies are confined to the argument of legal errors duly raised by exceptions.

The counsel for the appellants insists that the learned trial judge admitted, over objection and exception, evidence regarding sales and rentals of specific pieces of property on Pearl street other than the premises in suit, in violation of the rule laid down by this court in the case of *Jamieson* v. *Kings County Elevated Railway Co.* (147 N. Y. 322, 325). Judge Finch there said: "The plaintiff sought to prove the evil effect of the road in diminishing values by the process of calling the owners of property in the vicinity and proving, in each case, what the particular premises owned by the witness rented for before the road was built and what thereafter. There were objections and exceptions. Such a process

is not permissible. Each piece of evidence raised a collateral issue (*Gouge* v. *Roberts*, 53 N. Y. 619), and left the court to try a dozen issues over as many separate parcels of property. We have held such a mode of proof to be inadmissible. (*Huntington* v. *Attrill*, 118 N. Y. 365 ; *Matter of Thompson*, 127 N. Y. 463.) The elevated railroad cases in this court, to which the plaintiff refers us, give no warrant for such a mode of proof, but indicate that the general course and current of values must be shown by persons competent to speak, leaving to a cross-examination any inquiry into specific instances if such be deemed essential. Almost all the evidence of depreciation was of the erroneous character, and we cannot say that it may not have worked harm to the defendant."

The rule thus laid down was followed in *Witmark* v. *New York Elevated R. R. Co.* (149 N. Y. 393) and other cases.

The course of procedure under this rule may be thus briefly stated : Plaintiff having called as a witness an expert, is permitted to show the general course and current of values in the immediate vicinity, leaving to a cross-examination any inquiry into specific instances if such be deemed essential, the reason for the rule being that to permit evidence of the rental or fee value of other premises would raise in each case a collateral issue to be tried.

When the plaintiff's expert witness is cross-examined by the defendant as to specific instances it is competent upon a redirect examination for the plaintiff to make such full inquiry as he may be advised, as to each one of the specific instances brought out on cross-examination.

In the case at bar the plaintiffs swore their expert and conducted the direct examination in compliance with the rule ; on cross-examination the defendants made inquiry as to about twelve pieces of other property in the immediate neighborhood ; on redirect examination the plaintiffs examined the witness, over the objection and exception of the defendants, in regard to the fee or rental value of some sixteen additional pieces of property in the vicinity of the premises in suit.

We are of opinion that the introduction of evidence by the plaintiffs in regard to these additional pieces of property in the immediate neighborhood was in direct violation of the rule we have discussed.

It was for the plaintiffs to prove the general course of values and for the defendants to give evidence of specific instances.

If it be true that such evidence on the part of the defendants opened the door, as the respondents' counsel claims, for the introduction of as many additional pieces of property as they saw fit, it would result in raising numerous collateral issues and lead to the utter subversion of the rule laid down in the *Jamieson* case.

The counsel for the plaintiffs insists that admitting, for argument's sake, the mode of conducting the redirect examination discloses legal error, the manner in which the trial judge treated this evidence, when considering the case, cured whatever error was committed.

The trial judge states in his opinion: "On the trial I admitted under defendant's objection evidence on the redirect examination of plaintiffs' expert as to certain specific sales of property other than that involved in this suit. It is doubtful whether this evidence should have been admitted, and in the consideration of this case I have wholly disregarded such evidence and have not considered it in reaching my decision herein."

In his decision the trial judge inserted, in substance, the statement already quoted from the opinion.

The judgment entered upon this decision contains the following: "And the said justice, on the trial of this action, having admitted under defendants', The Manhattan Railway and the New York Elevated Railroad Companies, objection, evidence on the redirect examination of plaintiffs' expert as to certain specific sales of property other than that involved in this action, and on further deliberation having decided that it was doubtful whether said evidence should have been admitted, and having stated in his preliminary decision and in the decision signed herein on the 10th day of October, 1901,

that in the consideration of this case he had wholly disregarded said evidence and had not considered it in reaching his decision herein, now, therefore," etc.

We do not have presented at this time the question of the power of a trial judge to strike out evidence during the progress of the trial, but the far more important inquiry as to whether he may disregard evidence and strike it from the record after the case has been duly submitted to him for decision.

It is to be observed, in passing, that the trial judge states that he wholly disregarded the evidence under criticism and did not consider it in reaching his decision, but he does not say that he struck it from the record.

It must, therefore, be assumed that this case was considered by the learned Appellate Division with this improper evidence in the record, which they might, if they saw fit, consider. As they wrote no opinion, we are not advised as to the manner in which this evidence was treated by them, but it is fair to assume that as it passed without criticism it was given due weight.

The trial judge has no power to strike from the record, after the case is submitted, evidence that has been admitted over objection and exception, thereby depriving the other party of an exception on which he had the right to rely and which may have led him to refrain from introducing evidence that would otherwise have been offered.    The mere statement of the trial judge that he did not consider certain evidence in reaching his decision is without legal effect.

In the case before us we assume that the learned trial judge conscientiously refrained from giving this evidence any weight.

The counsel for the respondents cites the case of *Blashfield* v. *Empire State T. & T. Co.* (147 N. Y. 520, 526) as an authority in his favor.    The head note of this case states: "While under ordinary circumstances the referee (or a judge in the case of a trial without a jury), who has erroneously admitted incompetent evidence, cannot, after the submission of the

case to him for decision, cure the error by merely reporting that he has disregarded the evidence erroneously admitted and formed his judgment without reference thereto; yet when it appears that the error of the referee in admitting the incompetent evidence has been substantially cured by the peculiar and exceptional circumstances of the particular case, as, that the referee, by the consent of the parties, had aided by his own observation the conclusion he had come to on the question as to which he reported that he had disregarded the incompetent evidence, namely, the damages suffered by land-owners by reason of the building of a telephone line along a highway opposite their lands; that there was other evidence in the case upon which his determination on that question could be satisfactorily founded, and that an opportunity had in fact been given the parties to reopen the case and give further evidence if they desired it, the judgment will not be reversed by reason of such error."

Judge Peckham, in pointing out the exceptional circumstances of this case, stated in substance that it should be decided in reference to these particular facts, and then said: " We agree with the learned judge delivering the opinion of the General Term that in ordinary cases it would be most dangerous to hold that a referee or a judge, who has erroneously admitted incompetent evidence on the trial of an action, could, after the submission of the case to him for decision, cure the error by simply reporting that he had disregarded the evidence erroneously admitted and form his judgment without reference thereto.   We should in ordinary cases most surely condemn the practice as contrary to the proper conduct of trials by judge or referee as most dangerous in its possibilities and as improperly depriving the party against whom the incompetent evidence was offered and received of his exception thereto duly taken." (See, also, *Meyers* v. *Betts*, 5 Denio, 81 ; *Allen* v. *Way*, 7 Barb. 585 ; *Bloss* v. *Morrison*, 47 Hun, 218.)

The appellants point out other alleged errors, but it is unnecessary to examine them, as for the reasons already stated

the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Parker, Ch. J., Gray, O'Brien, Haight, Martin and Vann, JJ., concur.

Judgment and order reversed, etc.