VILLAGE OF LAWRENCE, Respondent, *v.* RUTH I. GREENWOOD et al., Defendants, and LAWRENCE-PINEWOOD CORP. et al., Appellants.

Argued November 17, 1949; decided December 29, 1949.

*J. Nathan Helfat* and *Bernard A. Helfat* for appellants. I. Consequential damages in condemnation of a part of a tract include damages to the remaining property resulting from use of the improvement. (*Albany Northern R. R. Co.* v. *Lansing,*

16 Barb. 68; *Matter of Utica, C. & S. V. R. R. Co.*, 56 Barb. 456; *Matter of New York, L. & W. Ry. Co.*, 29 Hun 1; *Matter of New York Central & H. R. R. R. Co.*, 15 Hun 63; *Newman* v. *Metropolitan Elevated Ry. Co.*, 118 N. Y. 618; *Bohm* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 576; *South Buffalo Ry. Co.* v. *Kirkover*, 86 App. Div. 55, 176 N. Y. 301; *Town of Fallsburgh* v. *Silverman*, 260 App. Div. 532, 286 N. Y. 594.) II. An owner, part of whose property is taken in condemnation, must be awarded as consequential damages, the loss resulting to the remainder from the use of the entire improvement, and is not to be limited to damages for use of the part taken from him. (*Sparkill Realty Corp.* v. *State of New York*, 254 App. Div. 78, 279 N. Y. 656; *Matter of City of New York*, 198 N. Y. 84; *Matter of Utica, C. & S. V. R. R. Co.*, 56 Barb. 456; *South Buffalo Ry. Co.* v. *Kirkover*, 86 App. Div. 55, 176 N. Y. 301; *Genesee Riv. R. R. Co.* v. *Boyington*, 60 Misc. 416, 132 App. Div. 947; *Campbell* v. *United States*, 266 U. S. 368; *Kucheman & Hinke* v. *C. C. & D. Ry. Co.*, 46 Iowa 366; *Andrews* v. *Cox, Highway Comr.*, 129 Conn. 475.) III. Admission of testimony by the village expert, on his direct, of other sales, and its adoption by the commissioners are reversible errors. (*Heiman* v. *Bishop*, 272 N. Y. 83; *Kingsland* v. *Mayor of City of N. Y.*, 60 Hun 489; *Wilsker* v. *Gerli & Co.*, 182 App. Div. 787; *Huntington* v. *Attrill*, 118 N. Y. 365; *Matter of Thompson*, 127 N. Y. 463; *Jamieson* v. *Kings County Elevated Ry. Co.*, 147 N. Y. 322; *Robinson* v. *New York Elevated R. R. Co.*, 175 N. Y. 219; *Matter of City of New York* [*Blackwell's Is. Bridge*], 118 App. Div. 272.)

*Edward S. Bentley* for respondent. I. The commissioners' award was supported by the weight of the evidence and was correctly sustained. No question of law arises in respect thereto. (*Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25; *Matter of City of New York* [*Public Beach*], 266 App. Div. 677, 291 N. Y. 715; *Matter of City of New York* [*Exterior St.*], 285 N. Y. 455; *People ex rel. Lyon* v. *Nelson*, 162 App. Div. 34, 229 N. Y. 618.) II. Appellant trustee was not entitled to recover damages, even if sustained, arising through the opening of Frost Lane. (*South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Matter of City of New York* [*Northern Blvd.*], 255 App. Div. 1018; *Matter of City of New York* [*Long

*Island R. R. Co.*], 243 App. Div. 736; *People ex rel. City of New York* v. *Sandrock Realty Co.,* 149 App. Div. 651, 207 N. Y. 771; *Adamo* v. *State of New York,* 235 App. Div. 12; *Matter of New York Municipal Ry. Corp.* v. *Weber,* 226 N. Y. 70; *Village of Lawrence* v. *Leary,* 243 App. Div. 800, 268 N. Y. 728.) III. The commissioners committed no error in receiving evidence of sales of other parcels. (Court of Claims Act, § 16; Administrative Code of City of New York, § B15–16.0; Tax Law, § 8; Administrative Code of City of New York, § 155b–1.0, subd. b; Public Housing Law, § 125, subd. 4; *Matter of City of New York* [*School Site*], 222 App. Div. 554, 250 N. Y. 588; *Brooklyn Trust Co.* v. *Ess Ess Realty Co.,* 273 App. Div. 775; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126; *People ex rel. Emigrant Ind. Sav. Bank* v. *Miller,* 269 App. Div. 269; *Matter of Thompson,* 127 N. Y. 463; *Robinson* v. *New York Elevated R. R. Co.,* 175 N. Y. 219; *Heiman* v. *Bishop,* 272 N. Y. 83; *Matter of Staten Island R. T. Co.,* 47 Hun 396.)

LEWIS, J. This is a condemnation proceeding incidental to the opening as a public street of Frost Lane, formerly a private way in the village of Lawrence, Nassau County.

For many years Frost Lane was a private road extending from Broadway northerly a distance of 481 feet to its dead end at a point 226.60 feet south of Central Avenue. The purpose of the street-opening project was to connect Broadway with the village business district located along Central Avenue — the next parallel street to the north. To accomplish that end the village board instituted this proceeding for the acquisition of all lands lying within Frost Lane, owned by the nonappealing defendants, and three additional parcels of outlying land. Of those three outlying parcels we are concerned upon this appeal with only two.

Formerly Frost Lane for its entire length of 481 feet extended along the east line of a 3-acre plot of land constituting an extensive residence property owned by an estate represented by the appellant Gottesman. No land was taken from the Gottesman property by the present proceeding except a small triangular parcel located at the southerly end of Frost Lane, having a frontage of 20 feet on Broadway and a depth along Frost Lane of 140 feet.

The second parcel of land taken was owned by the appellant Lawrence-Pinewood Corp.— a corporation of which the appellant Gottesman is the sole stockholder. This second parcel has a frontage of 50 feet on the southerly side of Central Avenue and a depth of 226.60 feet extending south to a point where it meets the northerly or dead end of former Frost Lane.

At County Court an award by the commissioners of appraisal to the appellant Gottesman in the amount of $6,010 was confirmed. That award included $1,050 for the taking of the triangular parcel mentioned above and — incidental to such taking — four items totaling $4,960 which covered allowances for trees, shrubs and fencing removed and the cost of relocating gateposts and a short segment of an entrance driveway.

County Court also confirmed an award of $11,287 to the defendant-appellant Lawrence-Pinewood Corp. in payment for the parcel of land having a frontage on Central Avenue and extending southerly to the dead end of former Frost Lane.

Upon separate appeals to the Appellate Division by the defendants Gottesman and Lawrence-Pinewood Corp., the order of County Court was unanimously affirmed. The case comes to us, by our leave, upon a single notice of appeal by the appellants Gottesman and Lawrence-Pinewood Corp.

The appellants do not question the items which in total comprise the sum of $6,010 awarded in connection with the taking of the small triangle of land from the Gottesman property. However, on that branch of the case the appellants assert that the commissioners of appraisal erred by failing to award the owners of that property substantial consequential damages due, according to their claim, to a loss of privacy caused by changing Frost Lane from its former character as a dead-end, private way into a public thoroughfare. As to that item of alleged damage the record discloses that after viewing the Gottesman property and receiving evidence offered in support of and opposed to the claim for consequential damages the commissioners included in their report the statement:

" WE FURTHER REPORT that in making the determination as hereinabove stated, we were mindful of the general principles which govern the making of awards under the Condemnation Law; that claimants are entitled to just compensation for the land taken from them and that the Village of Lawrence is

required to pay no more than the fair and reasonable market value on the date of the taking; *that where part of a larger tract of land is taken, a claimant is entitled to consequential damages, if any caused to such residue by reason of the taking.*

" With respect to Parcel C [the triangle of land at intersection of Broadway and Frost Lane], we found that the claimant did not sustain any consequential damages to the remainder of the property owned by the claimant, The Gottesman Trust, as a result of the taking of said Parcel  *  *  * ." (Emphasis supplied.)

Insofar as that excerpt from the commissioners' report contains a statement of the law which governed their determination of appellants' claim for consequential damages, we think it accords with applicable rulings by this court. (*South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301; *Town of Fallsburg* v. *Silverman,* 260 App. Div. 532, 533, affd. 286 N. Y. 594; *Matter of City of New York* [*East Riv. Drive*], 264 App. Div. 555, 560, affd. 298 N. Y. 843.) Insofar as the report by the commissioners is a factual determination of damages suffered by the Gottesman property due to the taking of the small triangle of land and any consequential damages resulting therefrom, the order of the Appellate Division affirming the confirmatory order of County Court is not within our power to review. (N. Y. Const., art. VI, § 7.)

We come then to the problem which prompted us to grant leave to appeal. That problem involves an evidentiary ruling made by the commissioners during their receipt of evidence bearing upon damages incurred by the appellant Lawrence-Pinewood Corp. by the taking of its lot fronting on Central Avenue. By that ruling there came into the record, over the appellants' objection and exception, testimony by an expert called by the village who, on direct examination, stated the purchase price paid on two sales of comparable property in the neighborhood. The challenged testimony is not criticized as referable to sales too remote in time or involving property too remote in location; nor is it argued that the two sales involved property not fairly comparable to the subject lot. Indeed, the two sales to which the testimony referred involved lots which were vacant — as was the Lawrence-Pinewood Corp. lot — one of which was

located 50 feet away from the subject lot and was sold two and one-half years prior to the appropriation date. The other lot was slightly more remote but only 350 feet away from the appellants' lot and was sold within three and one-half months of the appropriation date.

The objection interposed by the appellants on the hearing and now urged upon this appeal is that an expert witness called for the purpose of proving value may not testify on *direct* examination as to sales prices of other comparable property in the neighborhood because, we are told, such evidence presents collateral issues involving a variety of considerations. We are mindful that such was the rule — and such was the reason given for that rule — in *Robinson* v. *New York Elevated R. R. Co.* (175 N. Y. 219, 222). (See, also, *Jamieson* v. *Kings County Elevated Ry. Co.,* 147 N. Y. 322, 325; *Matter of Thompson,* 127 N. Y. 463, 468–469; *Huntington* v. *Attrill,* 118 N. Y. 365, 378, 379.)

We note, however, that adherence to the *Robinson* case rule (*supra*), now invoked by the appellants, has not been consistently maintained. Legislatively, a definite trend is discernible toward permitting proof of value by direct evidence of sales of comparable property in the neighborhood. (See Court of Claims Act, § 16; Public Housing Law, § 125, subd. 4; Tax Law, § 293; Village Law, § 318-a; Decedent Estate Law, § 122; Debtor and Creditor Law, § 24; Administrative Code of City of New York, § B15–16.0.) A like trend judicially, within our own jurisdiction, is also discernible. (See *Heiman* v. *Bishop,* 272 N. Y. 83, 88; *Matter of Board of Water Supply of City of N. Y.,* 277 N. Y. 452, 457–459; *Matter of City of New York* [*Newtown Creek*], 284 N. Y. 493, 498, 501; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126, 129; also cases in foreign jurisdictions collated in 2 Wigmore on Evidence [3d ed.], § 463, pp. 503–512; Orgel on Valuation under Eminent Domain, §§ 135, 139–148; '' The Unrealistic Rule Excluding Testimony as to Comparable Sales in Condemnation '' by John E. Egan, 66 Report of New York State Bar Assn., p. 232 *et seq.*).

We have considered the implications fairly to be drawn from those legislative and judicial trends away from the *Robinson* case rule (*supra*), in the light of the reason given for that ruling. That reason was not the irrelevancy of testimony as to sales of

comparable property but rather — as said in the opinion at page 222 — "  *   *   *   to permit evidence of the rental or fee value of other premises would raise in each case a collateral issue to be tried."

We no longer adhere to the rule which was decisive in the *Robinson* case (*supra*). Although conditions prevalent during the cluttered era of the elevated railroad litigation — when the statement last quoted above was written — may have supplied the reason for the ruling then made, we know of no conditions affecting the trial of cases today which warrant the exclusion of relevant testimony in favor of trial expediency. Upon this problem the terse comment by Judge HOLMES, as he then was, is apposite — "  *   *   *   so far as the introduction of collateral issues goes, that objection is a purely practical one, a concession to the shortness of life." (*Reeve* v. *Dennett*, 145 Mass. 23, 28.)

Value, in a commercial sense, is the money estimate of marketable property. Where, as here, the inquiry goes to the market value of a parcel of vacant land taken by condemnation, we believe that evidence of sales of other comparable land in the vicinity, reasonably near in point of time to the appropriation date, may properly be received on direct examination as a criterion in evaluating the land in controversy. In short, proof of the price paid for one is relevant in arriving at the value of the other. " ' A non-compulsory sale between a willing seller and buyer is ordinarily regarded as a good test or criterion *  *  *  in determining the value of the land in controversy. The opinion of the buying public so expressed in a free market is what usually determines value.' " (*Epstein* v. *Boston Housing Authority*, 317 Mass. 297, 299.)

Instances there may be where proof of sales of comparable property may prompt a line of inquiry which will develop collateral issues likely to confuse the fact-finders and prolong the trial. We regard such disadvantages, however, as more than compensated by the benefit to be gained by the receipt of such evidence subject to the exercise, by the tribunal which fixes value, of its discretionary power to draw the line of exclusion wherever confusion is created by collateral issues.

We are thus led to conclude that, in that branch of the case involving the award to the defendant Lawrence-Pinewood Corp., the admission, over defendants' objection and exception, of evidence given on direct examination of the purchase prices paid

on sales of other comparable parcels of land in the vicinity and within reasonable time from the appropriation date, was not reversible error.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed.