Sidney Squire, J.
This is a claim by the owner in fee of the land and improvements thereon designated as parcels Nos. 234 and 235, Map No. 124, as part of the Southern Westchester Connection of the State Thruway. It was a total taking.
The respective proposed decisions submitted by each of the parties hereto have been passed upon by the court in writing today. They are to be considered conjunctively with this *788 memorandum-decision containing the additional essential facts found and appropriate legal conclusions made.
Claimant’s implied motion for judgment (Civ. Prac. Act, § 440) is granted. The State’s implied motion to dismiss is denied.
There were two statutory viewings of the situs by the court in the company of counsel for each of the parties and their several authorized representatives. Photographs in evidence showed the condition of the land and improvements, as of the dates of the map filings and at appropriation date.
The claim fofi $156,000 has not been assigned, nor has it been submitted to any other tribunal for determination or audit.
During the course of the trial and at the close thereof, decisions were reserved on several motions made to strike certain portions of testimony. These related to “ alleged comparables ” (Court of Claims Act, § 16). Since the close of this trial, we have had the helpful opinion of Bergah, J., in 787 Central Park Ave. v. State of New York (5 A D 2d 628), a unanimous affirmance.
There, too, it was contended that the other ‘ ‘ properties are dissimilar ”, directing attack on more than one “ element of dissimilarity ’ ’. It should be recognized that said section 16 of the Court of Claims Act was a conspicuously forward step in legislative and judicial trends culminating in the decisive opinion of Lewis, J., later Chief Judge, in Village of Lawrence v. Greenwood (300 N. Y. 231) in which all concurred.
We conclude that at bar, “ There is, therefore, despite some differences, sufficient similarity for the Court of Claims to say prima facie that such property is ‘ similar ’ to the property at issue ”, as Mr. Justice Bergan wrote at the end of his opinion in the above 787 Central Park Ave. case (supra, p. 631). The motions are denied.
Earlier, during the trial, there was an issue concerning the actual service of the 20 days ’ notice required by said section 16. The adverse counsel stated that same had never been received but was willing to and did stipulate that same had been mailed as set forth in an affidavit of service by mail. We took a recess of over 20 days to satisfy the statute and concluded the trial thereafter. Thus, the adverse party was given ample opportunity to investigate the alleged comparables and to prepare for cross interrogation.
One of the major functions of this constitutional court (N. Y. Const., art. VI, § 23) is to determine the “ just compensation ” to be paid by the sovereign State for private property taken for public use (N. Y. Const., art. I [Bill of Rights], § 7).
*789 Unfortunately, there is nothing original or even novel in the statement that the “ spread ” between the asserted valuations of the respective parties herein was almost 300%. We need not delineate all of the favorable physical and economic factors involving claimant’s real estate, leased as a gasoline service station, contiguous to the Cross County Shopping Center. The well-planned area of said Shopping Center exceeded 20 acres. To mention but a few of its features at the time of the appropriation herein, huge branches of two nationally known and highly regarded New York City department stores (Cimbel’s and Wanamaker’s) were under construction, branches of a national bank and a savings bank were in operation and a hospital was functioning thereat. It was becoming a small commercial city. Furthermore, claimant’s realty was next door to a large restaurant (Adventurer’s Inn) with an adjoining children’s games’ business, outdoor merry-go-round and large parking lot (all the subject of three cases referred to as said 787 Central Park Ave. cases, Claims Nos. 33316, 33318 and 33414, decided by this court on Dec. 31, 1958). The claimant herein is possessed of ‘ ‘ prime ’ ’ property, as was amply proven.
We find that on the taking date herein the reasonable value of this land was $72,165 and the improvements thereon, $5,725. Claimant’s total damage was $77,890 for which he is entitled to judgment, with interest thereon from July 9,1954 to January 9, 1955 and from June 6, 1955 to the date of entry of judgment herein.
Judgment is to be entered accordingly.