William Gr, Easton, J.
This is a motion by claimants for an examination before trial,
In June of 1958, the State of New York on behalf of the Power Authority for the Niagara Power Project appropriated claimants’ premises in the Town of Lewiston, Niagara County. Prior thereto and over a period of time, the Niagara Mohawk Power Corporation had purchased numerous properties in the vicinity of this project. In January of 1958 the Power Authority was empowered to utilize waters of the Niagara River and to proceed with the Niagara Power Project. In this connection, by a package deed (so-called) describing separately numerous parcels of land, it acquired from Niagara Mohawk many of these properties which Niagara Mohawk previously had purchased for its own purposes. This deed from Niagara Mohawk to the State Power Authority was recorded in the Niagara County Clerk’s office on February 19, 1959, in Liber 1309 of Deeds at page 281 and recited a consideration of $6,300,000 and *931 affixed to it were stamps in the value of $6,900. The deed was 89 pages long and the consideration paid for each separate parcel was not indicated.
On October 27, 1959 the State of New York, pursuant to the provisions of the Court of Claims Act (§ 16), served on claimants a “Notice of Comparable Sales ” which included four sales to Niagara Mohawk as follows;
Clarence Gr. Brown and wife to Niagara Mohawk Power Corporation, 58.6± acres, deed recorded in Liber 1235 of Deeds at page 212 on September 21,1956.
Marion P. Brown to Niagara Mohawk Power Corporation 100± acres, deed recorded in Liber 1235 of Deeds at page 214 on September 2, 1956.
Joseph Ohal to Niagara Mohawk Power Corporation 102± acres, deed recorded in Liber 1275 of Deeds at page 5 on November 19,1957.
John Gr. Nixon and another to Niagara Mohawk Power Corporation 87± acres, deed recorded in Liber 1283 of Deeds at page 452 on April 3, 1958.
The above-mentioned 4 parcels subsequently were sold and conveyed by Niagara Mohawk to the State Power Authority in the afore-mentioned 89-page package deed.
On December 11, 1959 claimants served on the defendant State of New York a Notice of Comparable Sales which included the 89-page deed from Niagara Mohawk to the State of New York which in turn included the 4 parcels previously set forth in the State’s Notice of Comparable Sales as mentioned above.
Claimants now move for an examination as to the following:
1. The consideration paid by the Power Authority of the State of New York to the Niagara Mohawk Power Corporation for the following properties (previously described herein) which were purchased by the Niagara Mohawk Power Corporation and which said properties are set out as comparable sales in the Notice of Comparable Sales served on the claimants by the defendant on or about October 27,1959 said properties being some of several contained in a deed from Niagara Mohawk Power Corporation to the Power Authority of the State of New York, recorded in Niagara County Clerk’s office in Liber 1309 of Deeds at page 281 on February 19, 1959, consideration $6,300,000 “ to prove that the value of said alleged comparable properties was in fact considerably more at the time of the appropriation of the property, the subject matter of the instant claim, then the State of New York will prove by the said alleged comparable sales.”
*932 It is urged that the examination is material and necessary “ to explain four alleged comparable sales set forth in defendant’s notice” and “to enable claimants to establish that the property involved in said comparable sales increased greatly in value between the date of acquisition of options to purchase the property involved in the State’s alleged comparable sales by the Niagara Mohawk Power Corporation and the date of appropriation of the claimants ’ property ’ ’.
The State of New York strenuously opposes claimants’ motion on the grounds that the circumstances attending such acquisition by the Power Authority from Niagara Mohawk Power Corporation “ deprive the acquisition of any probative value in this action and render evidence of acquisition objectionable because of collateral issues that would thereby be introduced in the action ’ ’.
The question before us is whether claimant may examine the State of New York as to the purchase prices it paid to owners of allegedly comparable properties.
We are not confronted-here with acquisitions by the Power Authority pursuant to an agreement of adjustment. Such transactions would not constitute a sale, and would be inadmissible as evidence of comparable sales. (Hopkins v. State of New York, 276 App. Div. 945 [1950].)
Here, however, there was a conveyance by deed from Niagara Mohawk Power to the Power Authority for a stated consideration. A sale which otherwise would be comparable in the opinion of the Trial Judge is not necessarily inadmissible simply because the condemnor is the purchaser (Langdon v. Mayor, 133 N. Y. 628 [1892]; Matter of Municipal Housing Auth. of City of Utica v. Rosenblum, 271 App. Div. 184 [1946]; Curley v. Jersey City, 83 N. J. L. 760 [1912]).
However, unless the over-all purchase price is broken down to the agreed sale price of each component parcel, the package sale by Niagara Mohawk to the Power Authority is meaningless to these claimants insofar as the four alleged comparable sales are concerned.
Claimants should be given the opportunity before trial to ascertain whether in arriving at 'their $6,300,000 sales price, the Power Authority and Niagara Mohawk agreed as tó a separate sales price or consideration for each of the four parcels. If it develops that there was such an agreement, claimants should be given the further opportunity to ascertain the agreed price of each parcel. (Matter of City of New York [Union Turnpike], 154 Misc. 455, affd. 243 App. Div. 811, affd. 268 N. Y. 681 [1934].)
*933 It might very well be that upon the trial the proof of the subject sales may develop issues tending to establish that the sales prices were not indicative of fair market value or that they otherwise are inadmissible. (Village of Lawrence v. Greenwood, 300 N. Y. 231 [1949].) This must be left for determination by the Trial Judge.
In view of the foregoing, I, therefore, grant the motion for examination before trial limited, however, as aforesaid. The production of all books, records, papers and other documents shall be limited to the purposes provided for in section 296 of the Civil Practice Act.