■ CARLTON FREIBERGER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 46542.) — COOKE, J. Appeal from a judgment in favor of claimants, entered May 23, 1968, upon a decision of the Court of Claims. On August 3, 1959 respondents owned approximately 47 acres of land in the County of Warren fronting on and westerly of Route 9 between Glens Falls and Lake George, improved by a restaurant, ice cream stand and motel, from which the State appropriated on that day a strip 600 feet wide located 900 feet distant from Route 9 consisting of 6.85 acres, leaving 9.96 acres on Route 9, for which no damages were claimed and 30.18 completely landlocked acres. The experts agreed that the land fronting on Route 9 had a value of $9,000 per acre but the one called by respondents testified that the remaining land should be valued at $1,000 an acre and that of the State that each acre was worth $115, both basing their opinions on comparable sales. The court found $1,000 an acre to be a reasonable valuation, determined the landlocked 30.18 acres to have an after value of $300 per acre and awarded $6,850 direct damages and $21,130.90 consequential, for a total of $27,980.90. The State contends that the court erred in rejecting its expert's testimony and by accepting that of respondents', urging mainly that the sales of respondents' expert were not sufficiently comparable to provide adequate factual support. True, these sales did not involve identicals to respondents' remaining backland, as was also the case with the State's sales, but both experts properly made appropriate adjustments for differences when considering the relevancy of the comparables (cf. *Latham Holding Co.* v. *State of New York,* 16 N Y 2d 41, 45; *Curcio* v. *State of New York,* 23 A D 2d 938). The use of comparable sales is an approved evaluation method for real property (*Village of Lawrence* v. *Greenwood,* 300 N. Y. 231, 237) and, since an expert may properly make adjustments when considering such sales, the degree of comparability becomes a question of fact (*Argersinger* v. *State of New York,* 32 A D 2d 708; *Brocka* v. *State of New York,* 31 A D 2d 852; *Kastelic* v. *State of New York,* 29 A D 2d 803, 804). Appellant errs in bifurcating the remaining parcels into commercial and backland areas, since claimants intitially had 47 acres which were accessible, having a highest and best use as mountain resort land, and only as a result of the taking did the rear portion become landlocked and virtually useless as resort property. Under these circumstances, it is proper to consider the parcel as a whole (*Lieberthal* v. *State of New York,* 22 A D 2d 831, affd. 16 N Y 2d 1012). Although it is urged that the Court

of Claims erred in adopting the appraiser's speculation and respondents' hope for the land's future use, the landowners were not limited in compensation to the condition which the property was in at the time or to the use which they made of it; but were entitled to receive an award based on its market value for any purpose which, in the judgment of the court, it was adapted. Expectations of future use are relevant to the market value of property to the extent that a prospective purchaser would consider them (*Levin* v. *State of New York*, 13 N Y 2d 87, 91; *Matter of Simmons* [*Ashokan Reservoir, Sec. No. 6*], 130 App. Div. 350, 352–353, affd. 195 N. Y. 573, affd. *sub nom. McGovern* v. *City of New York*, 229 U. S. 363). The trial court's findings were legally adequate (cf. *Conklin* v. *State of New York*, 22 A D 2d 481). It accepted the valuation of $1,000 per acre made by respondents' expert, the within range award was specifically allocated between the land taken and the backland, as well as between direct and consequential damages, and the computation of each element was clearly shown. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.