**ANDERSON et al. v. UNITED STATES.**
**UNITED STATES v. ANDERSON.**
No. 12628.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1950.

John H. Crooker, Jr., Houston, Texas, for appellant.

S. Billingsley Hill, Attorney, Debt. of Justice, Washington, D. C., Roger P. Marquis, Attorney, Dept. of Justice, Washington, D. C., A. Devitt Vanech, Assistant Attorney General, Arthur L. Moller, Special Asst. to the U. S. Attorney, Houston, Texas, for appellee.

Before McCORD, and WALLER, Circuit Judges, and RICE, District Judge.

WALLER, Circuit Judge.

On January 30, 1946, the United States, pursuant to Section 594, Title 33 U.S.C.A. filed a petition for the condemnation of the fee simple title to lands involved in this litigation and on the same date obtained an order of the Court below putting it in immediate possession of the lands. Subsequently a hearing was had before commissioners as prescribed by the laws of Texas and objections were filed by the landowners to the amount found by the commissioners as just compensation. While still in possession, and before any disposition was made of the objections to the commissioners' findings,[1] the United States, on November 14, 1946, filed a declaration of taking under Section 258a, Title 40 U.S. C.A., and made a deposit on that date of an amount which it deemed to be just compensation.

At the trial, on the issue as to what was just compensation, a dispute arose between counsel as to whether the taking by the United States occurred when the United States filed eminent domain proceedings and went into possession under order of the Court on January 30, 1946, or when it filed its declaration of taking, deposited into Court the amount it deemed to be just compensation, and took title to the property on November 14, 1946.

A jury was waived and the Court took testimony, as to market value on both dates, and fixed the value in the sum of $227,-100.00 as of January 30, and the sum of $261,000.00 as of November 14. From this it will be noted that there was a marked increase in market value between the two dates. After having the matter under advisement, the Court below concluded that the taking occurred on January 30, 1946, when the condemnation proceedings were instituted and the United States was, on such date, put in possession, rather than on November 14 when it filed its declaration of taking, made the deposit, and took title, under Section 258a, Title 40 U.S.C.A.

All agree that just compensation is to be measured by the fair market value *at the time of the taking,* and that the amounts found by the lower Court are each supported by the weight of the evidence. Therefore, the sole question before us is, which date was the time of the taking? The District Court, deciding that the value should be fixed as of the date when the United States filed its petition for condemnation and obtained an order of the Court putting it in possession, gave judgment for $227,100.00. Landowners say that was error. We say it was correct.

It seems settled that the landowner is not entitled to any increase in value of property lying within the boundaries of a Federal improvement project if the improvement has brought about the increase in value. It became known, of course, that the land in controversy was within the confines of the Federal project not later, at least, than the time when the Government filed the condemnation proceedings and took possession on January

1. Since the findings as to just compensation by the commissioners anteceded the date of the filing of the declaration and of the making of the deposit, we must assume that the commissioners used, and were authorized to use, January 30 as the date of the taking, since there was then no other critical date to be considered.

30, 1946. To allow the value of the land to be fixed long after the date when it had become known that the United States was in the process of taking same would tend to include any enhancement in market price occasioned by reason of the improvement and would run counter to that general principle announced by the Supreme Court in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 281, 87 L.Ed. 336, 147 A.L.R. 55, where the Court said:

"The question then is whether the respondents' lands were probably within the scope of the project from the time the Government was committed to it. If they were not, but were merely adjacent lands, the subsequent enlargement of the project to include them ought not to deprive the respondents of the value added in the meantime by the proximity of the improvement. If, on the other hand, they were, the Government ought not to pay any increase in value arising from the known fact that the lands probably would be condemned. The owners ought not to gain by speculating on probable increase in value due to the Government's activities."

■ Even though the evidence of value is not included in the record, we think that the Court can judicially know that the establishment of the Government projects generally tend to bring about an increase in market value of lands within the project, but even if that is not the case here, the policy of the law is such as to operate against requiring the Government to pay such increases due to such a reason. On the other hand, if the project were undesirable, the value of the land would likewise be lessened after its establishment, with attendant unfairness to the landowner.

While the facts in the Miller case and the present case are not similar, nevertheless, the rule that the landowner is not entitled to the value, if any, added to his property by the project does seem to furnish an additional support for holding that the value should be fixed at the earlier date.

The United States could have obtained title under the original proceeding begun in January, 1946, although it would have been a slower process. Had there been no declaration of taking filed in this case the title would, nevertheless, have been obtained at the end of a suit, and it would have related back to, and been based upon, the value at the time the United States took possession in the condemnation suit.[2] The declaration of taking and the deposit of compensation were not the beginning of a new suit and were not in abrogation of the original suit, but constituted a further step in a suit already begun. See Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; Dade County v. United States, 5 Cir., 142 F.2d 230. If there was a taking in January, there was not a second taking in November.

■ The stipulation that the landowners would receive interest from January 30, 1946, is entirely consonant with the principle that because the landowners were from that date deprived of the use of their land, they were, therefore, from such date entitled to the use of its equivalent in money. Be that as it may, we believe that when the United States instituted proceedings in eminent domain and took possession of the land, it committed itself to pay whatever amount should be adjudged as the fair market value at that time rather than some market value that the lands might achieve before the conclusion of the case.

■ Moreover, we believe that our case of 11,000 Acres of Land, etc. v. United States, 5 Cir., 152 F.2d 566, 568, certiorari denied 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611, dealing with the condemnation of a leasehold interest in realty, stated the correct rule as to the time of taking,

2. In United States v. Chandler-Dunbar Water Power Co., 229 U.S. 53, text 76, 33 S.Ct. 667, text 677, 57 L.Ed. 1063, the Court, in speaking of the time of fixing the market value in a condemnation suit, said:

"The value should be fixed as of the date of the proceedings, and with reference to the loss the owner sustains, considering the property in its condition and situation at the time it is taken, and not as enhanced by the purpose for which it was taken. (Citing cases.)"

284

whether that interest taken be a fee simple, or a lesser, estate. We said in that case:

" * * * We regard it as well settled that, either where no declaration of taking is filed or where, as here, the declaration of taking is filed on a date subsequent to the actual passing of possession, the market value of the property taken should be determined as of the date possession was acquired. United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539; Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566; Cf. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; United States v. 6.87 Acres of Land, 2 Cir., 147 F.2d 351."

The judgment is affirmed.