**UNITED STATES v. VILBIG et al.**

**No. 14631.**

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1953.

Elizabeth Dudley, Atty., Washington, D. C., Frank B. Potter, U. S. Atty., Ft. Worth, Tex., Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Atty. Dept. of Justice, Washington, D. C., for appellant.

Wm. Andress, Jr., Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Seeking the reversal of a judgment entered on the verdict of a jury awarding compensation in a condemnation suit, the United States is here presenting two questions for decision:

"1. Whether in a condemnation proceeding instituted by the United States the property involved should be valued as of June 26, 1951, the date of the entry of an order granting immediate possession, or as of April 21, 1952, the date of formal notice to the landowners that the Government had taken the property.

"2. Whether the District Court erred in refusing the Government's request to instruct the jury that it should disregard the enhancement in land value due to the Government's project."

Insisting that the answer to the first question should be "June 1st, the date of the taking", and to the second, "Yes", the United States urges upon us that the judgment must be reversed for trial anew.

The appellees do not take issue with appellant's view that generally speaking the date property is taken is the correct valuation date,[1] or its view that in a proper case the value determined and awarded for land taken must not include any enhancement due to the government project.[2] Their position is (1) that no substantial error occurred in respect of either of the matters presented in appellant's questions, and (2) that if there was error, it was harmless.[3]

They, therefore, present as complete answers to appellant's claim that the judgment should be reversed the three propositions following:

"1. Since there was positive evidence of no difference in value between 21 April 1952 and 26 June, 1951, and the Government itself asked its own witnesses only as to value on the later date without offering evidence of any difference, it was harmless error not affecting the substantive rights of the Government to value the property on the subsequent date of formal notice rather than the earlier date of order for immediate possession, or the intermediate date of the declaration of taking and the deposit.

"2. Since the Government failed to show by what amount, if any, the value of the property had been enhanced by the project, it was harmless error not affecting the substantial rights of the Government for the court to refuse the Government's requested charge that the landowner was not entitled to recover the increment occasioned by the project.

"3. Since the Government failed to offer maps, boundaries, or other evidence showing that the Vilbig land was "probably within the scope of the project" in 1947, but offered only a map first showing such land to be included, approved 12 June 1951,

---

1. Anderson v. U. S., 5 Cir., 179 F.2d 281.

2. U. S. v. Miller, 317 U.S. 369, 370, 63 S.Ct. 276, 87 L.Ed. 336, Anderson v. U. S., note 1 supra.

3. By the statute it is provided that "On the hearing of any appeal * * * the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U. S.C. § 2111. By rule it is provided that "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in any-

thing done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 61, Federal Rules of Civil Procedure for the District Courts, 28 U. S.C.A.

only two weeks before filing the condemnation suit, the Government failed to sustain its burden to bring the case within the rule of non-liability for project increment to probably necessary lands."

The record shows a great and wide variance in the value estimates of the witnesses for condemnor and condemnees. The top valuation placed by the condemnor was $3,500, that placed by the condemnees was ten times that much or $35,000. The jury's award of $7,500, while considerably above that fixed by condemnor's witnesses, was much closer to those values than it was to those fixed by witnesses for condemnees.

In addition, there was evidence that there was no difference in the value of the property on the two dates, June, 1951, and April, 1952, and the evidence as a whole established that the significant rise in the value of the property had occurred more than three years before the trial, "when people knew that the lake was going in out there", and that in the whole period between December, 1950 and April, 1952, there was not more than a ten or twelve percent increase.

The record standing thus, it is quite plain, we think, that the erroneous statement of the trial judge in the beginning of the trial, that the April, 1952, date was to be the valuation date, did not constitute prejudicial error. This is so not only because of the evidence above referred to but of the fact that no request was made by appellant to submit the June valuation date in charge to the jury. The judge in his charge did not specify either date, and his judgment, by allowing interest from June, 1951, plainly showed that, though he had begun with a different idea, he had actually submitted the case to the jury on the basis of the June date value, which, under the evidence, was not substantially different from the value as of the April date.

We think it equally plain, for the reasons stated in appellees' answers 2 and 3, *supra*, that there was no evi-

dence authorizing such a charge, that there was no error, reversible or otherwise, in refusing plaintiff's requested charge.

No reversible error appearing, the judgment is

Affirmed.