## CIRCUIT COURT OF PRINCESS ANNE COUNTY

State Highway
Commissioner

v.

White

January 21, 1959

Case No. (Law) 5108

BY JUDGE H. W. MCKENZIE, JR.

The problem posed by the able briefs of opposing counsel in this case is not susceptible of easy solution. Where possession of property has been taken from someone who has turned out not to be the owner, in a currently instituted condemnation suit, it cannot be categorically stated that the rule of law is clear that the date of the original appropriation or date of the institution of condemnation must always govern.

There are cases holding that the date the physical possession was originally taken should be used, and there are an equal number that the date of the institution of valid legal proceedings or the date of trial should prevail. It behooves us, therefore, to examine all these cases and determine to what extent a real conflict exists and to what extent the decisions can be reconciled, since we have no Virginia decision reasonably close in point.

There are certainly many holdings that if wrongful possession is taken by anybody authorized to exercise the power of eminent domain in advance of the institution of proper legal proceedings, the value to be determined is that as of the time of the institution of such proceedings or the trial of the case. In all of these cases, the value at the later date was greater than at the time of the original entry. Some courts have based their decisions on constitutional provisions to the effect that no property shall be taken "until full compensation shall be paid to the owner" or "until full compensation shall first be made in money." These cases are not helpful to us as Virginia has no such provision in

its constitution. Others seem to proceed on the theory that a public service corporation which has been delegated the sovereign's power of eminent domain is not in a position to complain of the consequences when it commits a tortious act of trespass instead of following the procedure provided by law.

Conversely, in all the cases holding that the date of the original entry should determine, the property had diminished in value between the original appropriation and the institution of condemnation proceedings. Here again, those cases holding that the state cannot profit by its own tort, particularly when the loss in value has been occasioned by the state's action since it took possession, are based on elemental fairness but have no application to our present situation. See the cases collected in 3 *Nichols on Eminent Domain* 27 for these conclusions.

The common denominator of these cases, when we eliminate those based upon particular constitutional phraseology, and those in which the state has by its own action diminished the value after taking wrongful possession, is that a property owner will not be required to accept less than "full compensation" for what is taken, and the basic question is when his property is "taken." If the time of physical "taking" in the particular case provides "full compensation," that will be followed over "taking" by the institution of legal proceedings; on the other hand, "legal taking" has been held the proper time of valuation when the "tortious taking" would not provide full compensation.

It is also interesting to note that in none of the cases so far discussed was there any provision of law which would have allowed the property to be taken from the owner before legal proceedings had been completed, or at least reached a certain stage.

The State Highway Commission, as distinguished from others entitled to exercise the power of eminent domain, has been given the right to take possession of property prior to the institution of condemnation proceedings by § 33-70 of the Code of Virginia. This was also the law at the time this road was constructed, but it is admitted that no payment was made by the Commissioner of the estimated fair value which is a prerequisite to entry under this section. A certificate that payment will be made is now permitted in lieu of the cash deposit. It is not pretended that the plaintiff has complied with this statute, and it is cited merely to show the trend of policy on the subject in Virginia, so far as this type of proceeding is concerned, and to further emphasize that the fundamental reasoning of many of the cited cases holding that the date of "legal taking" must be used is based upon policy at variance with that of Virginia.

The United States is the only other government known to this Court to have a procedure whereby property can be taken in advance of condemnation

proceedings, and a number of cases dealing with the proper date of valuation have come up in the Federal Courts, particularly under 40 U.S.C. § 258(a), being the acquisition procedure for military purposes. The law was summarized in the comparatively recent case of *11,000 Acres of Land, etc. v. United States*, 152 F.2d 566, as: "We regard it as well settled that either where no declaration of taking is filed or where, as here, the declaration of taking is filed on a date subsequent to the actual passing of possession, the market value of the property should be determined as of the date possession was acquired."

A rather new approach to the valuation date problem appears in *Anderson v. United States*, 179 F.2d 281. There, a petition for condemnation was filed on January 30, 1946, under 33 U.S.C. § 594, and on November 14, 1946, a declaration of taking for the same land was filed under 40 U.S.C. § 258(a). In the meantime, the property increased in value several thousand dollars. The opinion states: "All agree that just compensation is to be measured by the fair market value at the time of taking ... . To allow the value of land to be fixed long after the date when it has become known that the United States was in process of taking the same would tend to include any enhancement in market price occasioned by reason of the improvement ... ."

This decision is based upon an opinion by Mr. Justice Roberts of the Supreme Court of the United States in *United States v. Miller*, 317 U.S. 369, 147 A.L.R. 55, which holds:

> If a distinct tract is condemned, in whole or in part, other lands in the neighborhood may increase in market value due to the proximity of the public improvement erected on the land taken. Should the Government at a later date determine to take these other lands, it must pay their market value as enhanced by this factor of proximity. If, however, the public project in the beginning included the taking of certain tracts but only one of them is taken in the first instance, the owner of the other tracts should not be allowed an increased value for his lands which are ultimately to be taken any more than the owner of the tract first condemned is entitled to be allowed an increased market value because adjacent lands not immediately taken increased in value due to the projected improvement.

The appeal of this reasoning is particularly strong in the case at bar. Most of the increased value of 1958 over 1944 is based upon the fact that the Military Highway was constructed by the State. That the institution of the instant suit was necessary was occasioned by the negligent, as distinguished from the willful, act of the Highway Commission. The property owner was not

even aware that his land had been taken until fourteen years after the event. The difference between the pending litigation and a matter that would have been settled years ago lies in the fact that the Highway Commission did not make the deposit required under § 33-70. The defendant is entitled to no more than others for her land similarly situated were entitled to receive at the time the road was constructed, and such, in my opinion, with accrued interest, constitutes "full compensation" in this case.