UNITED STATES of America,
Plaintiff,

v.

1,060.92 ACRES OF LAND, MORE OR LESS, Situate IN MILLER COUNTY, STATE OF ARKANSAS, and Miller Land and Lumber Co., et al., and Unknown Owners, Defendants.

UNITED STATES of America,
Plaintiff,

v.

499.12 ACRES OF LAND, MORE OR LESS, Situate IN MILLER COUNTY, STATE OF ARKANSAS, and Hubert Hightower, et al., and Unknown Owners, Defendants.

UNITED STATES of America,
Plaintiff,

v.

6,468.89 ACRES OF LAND, MORE OR LESS, Situate IN MILLER COUNTY, STATE OF ARKANSAS, and Mrs. Patricia Ann Dowd, et al., and Unknown Owners, Defendants.

Nos. 783, 788, 803.

United States District Court
W. D. Arkansas,
Texarkana Division.
April 4, 1963.

Charles M. Conway, U. S. Atty., E. A. Riddle, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

David Gross, New Orleans, La., Atty. for Shell Oil Co., Gayle K. Hamilton, Shreveport, La., for defendants.

JOHN E. MILLER, Chief Judge.

The complaint in Civil Action No. 783, along with a declaration of taking, was filed December 16, 1960, and an order for delivery of possession was entered the same date and estimated just compensation was deposited in the registry of the court.

The complaint in Civil Action No. 788, along with a declaration of taking was filed, on March 17, 1961, and an order for delivery of possession was en-

tered the same date and estimated just compensation was deposited in the registry of the court.

The complaint in Civil Action No. 803 was filed, along with a declaration of taking, on November 1, 1961, and an order for delivery of possession was entered the same date and estimated just compensation was deposited in the registry of the court.

On March 1, 1962, a Commission of three persons was appointed by the court under the provisions of Rule 71A, Fed.R. Civ.P., to determine the issue of just compensation.

The Commissioners held a pretrial hearing on February 6, 1963, which was the first formal action taken in any of the above three suits. At the pretrial hearing the question of the date of the taking was discussed and the property owners and the Government were unable to agree upon the date of the taking of the property.

Briefs have been submitted by the interested parties and the court has been called upon to decide the date of the taking by the Government of the property involved.

The parties are in agreement that the Texarkana Dam across Sulphur River in the State of Texas was completed and placed in operation on July 12, 1957, prior to the date of the filing of the complaint and the declaration of taking in the instant suits.

In the motion filed in Civil Action No. 803 by Mr. Gayle K. Hamilton, attorney for William P. Leonard, Jr., the heirs of May Henderson Leonard, deceased, Carrie N. Walker, and the heirs of E. C. Hamilton, deceased, on February 25, 1963, it is stated:

"It is the contention of defendants herein that the easement became effective on July 12, 1957, or thereabouts, when the Texarkana Dam went into operation so as to control the otherwise natural flow of water across those lands in which defendants have a mineral interest."

The motion filed March 21, 1963, in Civil Actions Nos. 783, 788 and 803 by Mr. David Gross, attorney for Shell Oil Company, is as follows:

"Comes now Shell Oil Company by its attorney, David Gross, and moves the Court to instruct the Commission appointed in the above cases that in determining the value of the interest taken and the diminution in value of the mineral estates which are the subject matter of said suits, that said evaluation be made as of the time of taking (December 16, 1960—No. 783, March 17, 1961—No. 788, December 1, 1961 —No. 803) but without considering the fact that the operation of the Texarkana Dam which necessitated the taking, has been in operation since July 12, 1957, and that said determination be made upon the basis of the value of the lands without them being subjected to the right to intermittently overflow and flood by plaintiff and the value of said interest subject to the right of plaintiff to intermittently overflow and flood."

The response of the Government to the motion of William P. Leonard, Jr., et al., in Civil No. 803 was filed herein on March 29, 1963. In the response the Government states:

"1. That it agrees that the Texarkana Dam went into operation so as to control the otherwise natural flow of water below the dam as to Tract No. F–610E on July 12, 1957.

"2. That it admits that the date of the taking of the easement as to said Tract No. F–610E involved herein was July 12, 1957."

The prayer of the response is that the court advise the Commission appointed to determine just compensation for the taking of the easement as to said tract "that it should determine from the evidence the value of the mineral interest in said tract before the taking of the easement on July 12, 1957, and then determine the value thereof im-

mediately after the taking of the easement, and that the difference between the value before and the value immediately after would be just compensation for the interest taken."

The response of the Government to the motion of Shell Oil Company was filed herein on March 29, 1963, and the first two paragraphs are substantially as in the response to the Leonard motion. In paragraphs 3 and 4 of the response it is stated:

"3. That said defendant's motion requesting the court to instruct the Commission as to a 'deferred' application of the taking as set out therein should be denied.

"4. That to arrive at just compensation for the taking of the easements in these tracts the Commission should determine from the evidence the value of the total mineral interests before the actual taking on the part of the Government, and then determine the value of the total mineral interest immediately after the taking, and the difference between the value before and the value after would be just compensation for the interests taken."

In the brief of William P. Leonard, Jr., et al., in support of their motion, they stated:

"The government has cited as its authority for the taking to be 40 U.S.C.A. 258a and a reading of that statute clearly shows that a Declaration of Taking is not even mandatory since it reads in part ' *  * the petitioner *may* file in the cause, with the petition *or at any time before judgment,* a *declaration of taking* signed by the authority *  *.' Therefore since the date of filing of the declaration of taking is such an arbitrary date and even unessential to the case, often having no connection whatever with the date of physical possession or actual taking of the land, it seems unreasonable that such date could be chosen as the commencement date for use in calculating continuing damage to estates in land burdened by an easement placed ·thereon by the United States."

Two contentions are made in the brief submitted by the learned attorney of Shell Oil Company, as follows:

"POINT 1. In public improvement projects where all of the lands affected are not taken at one time, subsequently taken tracts which have been diminished in value by the partial completion of the improvement will be evaluated as if no part of the improvement had been completed. United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L. Ed. 566 (S.Ct.U.S.1921); Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (S.Ct.U.S.1934).

"POINT 2. A landowner is not entitled to any increase in value of property which is a part of a federal improvement project if the improvement has brought about the increase in value. Anderson v. United States, 179 F.2d 281 (U.S.Ct. of App. 5th Cir. 1950), cert. den. 339 U.S. 965, 70 S.Ct. 1000, 94 L.Ed. 1373; John L. Roper Lumber Co. v. United States, 150 F.2d 329, (Cir. Ct. of App. 4th Cir. 1954); United States v. Miller, 317 U.S. 369, 63 S. Ct. 276, 279, 87 L.Ed. 336 (S.Ct.U.S. 1943)."

In the brief submitted by the Government in answer to the contentions of Shell Oil Company, the Government states:

"As to defendant's Point 1, there is no partial taking of the easements as to the tracts involved herein, nor actual taking at different times. When the Government put the facilities of the dam into operation to control the water, the easement was actually taken at that time as to all of said tracts.

\*    \*    \*    \*    \*    \*

"As for Point 2 of defendant's brief, we cannot see how the cases cited thereunder would in any way

change the established rule of just compensation being the difference between the fair market value of the tract before and immediately after the taking."

The record does not disclose why the date of the taking is so relevant and material unless it be that the movants did not acquire their interest in the property until subsequent to July 12, 1957.

The court has examined the authorities cited by all the parties in their briefs and is of the opinion that the decision in United States v. Dow, (1958) 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109, is determinative of the issues before the court. It seems unnecessary to copy herein any portion of the opinion. An application of the principles and rules enunciated in said opinion is convincing that the date of the taking of the easements in the instant cases was July 12, 1957. That is the date that the Government acquired the easements, and the owner of the property at the time the Government took possession, July 12, 1957, rather than the owner at an earlier or later date is the one who has the claim and is to receive payment.

▮ Ordinarily, when a condemnation suit is commenced by the Government, it files a declaration of taking as provided in 40 U.S.C. § 258a, but if the Government, prior to the commencement of the suit and the filing of a declaration of taking, has entered upon the property or has utilized it for its purposes, there is a taking and just compensation becomes due on that date. Title to the property passes to the Government only when the owner receives compensation or compensation is deposited into the court pursuant to the taking act, but the passage of title does not necessarily determine the date of taking. The rule is firmly established that if the United States has entered into possession of property prior to the acquisition of title, it is the entry into possession or the utilization of the property which constitutes the act of taking.

▮ Since the United States began the operation of the dam on July 12, 1957, the then owners of the property taken became entitled to just compensation.

Therefore the Commission at a regularly scheduled hearing should determine just compensation to the then owners of the easements that were taken on July 12, 1957, and said just compensation should be paid to said owners and not to persons who may have acquired easements by conveyance or otherwise since the date of the taking, July 12, 1957.

The members of the Commission are each being furnished a copy of the memorandum, together with a certified copy of the order directing them to proceed to determine just compensation as of July 12, 1957, and in accordance with the instructions heretofore given. The compensation should be paid to the then owners of the property taken by the United States on said date.