PHILIP G. PEABODY *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.   January 12, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Evidence,* Of value of real estate, remoteness. *Damages.  Interest.*

On the question of the depreciation of real estate owing to a change of grade,
what evidence is admissible to show the market value of the property before
and after the act affecting its value, depends largely on the circumstances of the
particular case, and to a great extent must be left to the discretion of the pre-
siding judge.

In an action of tort for injury to the plaintiff's real estate by a change of grade in
the street on which it is situated made by a railroad company as an approach to
a new station without authority, evidence of the price paid by the plaintiff for
the property somewhat more than a year after the change was known to be
contemplated and less than two years before the work was begun and of the
price at which the plaintiff sold the property within three years after the work
was completed, and also of the sum for which the property had been rented
about thirteen months before the plaintiff bought it, were held not to be so
remote in point of time that there was error as matter of law in their admis-
sion to show deterioration of the plaintiff's property by reason of the acts of the
defendant.

In an action of tort for injury to the plaintiff's real estate by a change of grade in
the street on which it is situated made by a railroad company as an approach
to a new station without authority, if the plaintiff, instead of bringing his action
when the acts of the defendant causing the injury were completed, has by rea-
son of a mistake of remedy delayed the bringing of the action for nearly three
years, the jury in assessing the damages may add to the damages for the injury
to the property at the time of the completion of the acts of the defendant an ad-
ditional sum computed as interest at the legal or any reasonable rate as com-
pensation for the delay to which the plaintiff has been subjected.

TORT for injury to certain real estate of the plaintiff numbered
24 on Buckingham Street in Boston, alleged to have been caused
by illegal acts of the defendant in raising the grade of that street
without authority, assuming to act under the provisions of St.
1896, c. 516.   Writ dated October 8, 1902.

At the trial in the Superior Court before *Wait,* J. the jury
returned a verdict for the plaintiff, and assessed the damages in
the sum of $1,800, with a statement that they included interest.
The defendant alleged exceptions, raising the questions stated
by the court.

*A. F. Clarke,* for the defendant.

*F. T. Benner,* for the plaintiff.

BRALEY, J.    This is an action of tort to recover damages to the plaintiff's property caused by the wrongful acts of the defendant between June 1 and October 1, 1899, in raising the grade of a part of Buckingham Street on which his premises abutted.

The work was performed in connection with the construction of the Back Bay station in the city of Boston under the provisions of St. 1896, c. 516, which authorized the Boston and Providence Railroad Corporation by the exercise of the right of eminent domain to take such lands, and make such changes in the public ways as might be required for this purpose, but the work of construction which followed was undertaken and completed by the defendant under an agreement made by it with the corporation.

In accordance with the provisions of the act a petition was brought by the plaintiff on December 21, 1899, against the corporation to recover damages caused by the changes in grade required by the taking, but it was held he was not entitled to recover because the acts of the defendant in obstructing the portion of the street opposite the plaintiff's estate were not authorized by statute, and he had mistaken his remedy. *Peabody v. Boston & Providence Railroad,* 181 Mass. 76.

After this decision he brought the present action, and, the plaintiff having obtained a verdict, the defendant brings the case before us on exceptions to the admission of certain evidence of the value of the plaintiff's property before and after the tortious acts complained of, and to the instructions given on the measure of damages.

There was evidence tending to prove that the windows in the basement story of the house which before the change were above the level of the sidewalk, and wholly unobstructed, were left partly below it by the new grade with open spaces protected by brick walls in front of and around this part of them.    These changes not only shut off light from the rooms in the basement, but caused water from the surface of the street, and also snow and ice to accumulate in such quantities in these spaces as to percolate into the cellar, causing dampness, which was communicated to the rooms above.    The ceilings and walls of the house

were also affected and injured by the weight and pressure upon it caused by the accumulation of large piles of filling required for the embankment while the work was in progress, and by the embankment itself when completed.

The case thus presented is the ordinary one of decrease in value of real property brought about by a change of grade of a public way on which it abuts, although here the remedy takes the form of an action of tort rather than of a petition for the assessment of damages, and the plaintiff would be entitled to show the value of his property before the work was begun, and after it had been completed.

He purchased his estate on June 24, 1897, shortly after the statute was passed, and when by reason of the improvements contemplated it was anticipated that the value of property in the neighborhood would be enhanced, and there was a conflict of evidence whether any advance had taken place, and if so, whether it had been rapid.   There also was evidence, given by the plaintiff without objection, of the rental value of the property at the time of purchase, and after the illegal filling in front of the premises, as well as of the difficulties that the plaintiff had encountered in getting tenants.   Against the objection and subject to the exception of the defendant the plaintiff then was permitted to state the price he paid for the property, and the amount received at its sale on January 9, 1901, and to show by a witness the sum for which it had been rented in March, 1896.

It does not appear that there had been other sales of property in the vicinity during the time of his ownership, or prior to the plaintiff's purchase which could have been introduced, and the price paid, and the rental received furnished some evidence of the diminution in value of his estate, unless too remote in time.

But it often has been said that no positive rule can be formulated which will apply equally to all cases, and when questions of the depreciation of real estate are raised, that may be ascertained by comparison with the market value of the property both before and after it has been affected, the circumstances of the particular case must largely determine the admission of this line of evidence, which to a large degree must be left to the discretion of the presiding judge.

The sale to the plaintiff within slightly more than a year from

the time when the changes in the vicinity contemplated by the statute were known, and within less than two years before the work was begun, and the sale by the plaintiff within three years after the work was completed, cannot be said as matter of law to be acts so remote in point of time as to be of no evidentiary value. Nor for the same reason was there an error of law in the admission of evidence of the rental value of the property, though the period covered was more than a year earlier than the date of the plaintiff's purchase. *Whitman* v. *Boston & Maine Railroad*, 7 Allen, 313, 318. *Ham* v. *Salem*, 100 Mass. 350. *Benham* v. *Dunbar*, 103 Mass. 365. *Chandler* v. *Jamaica Pond Aqueduct*, 122 Mass. 305. *Patch* v. *Boston*, 146 Mass. 52. *Pierce* v. *Boston*, 164 Mass. 92. *Lyman* v. *Boston*, 164 Mass. 99. *Bowditch* v. *Boston*, 164 Mass. 107. *Conness* v. *Commonwealth*, 184 Mass. 541, 544.

On the measure of damages the jury were instructed that if they found the amount of damages sustained by the plaintiff on December 21, 1899, when he brought his petition to be insufficient to fully indemnify him by reason of the delay, then they were at liberty to add interest at the legal rate upon the amount from this date to the date of their verdict. No exception was taken to the time during which interest should be reckoned, or the rate to be allowed, but the defendant contended, and now contends, that the plaintiff was not entitled to interest by way of damages.

Interest is generally allowed in actions of contract as compensation for the detention of money found to be due, although the amount to be recovered may remain unliquidated until ascertained by verdict. The time for which it shall be computed may depend on the terms of a contract, or on a demand previously made, otherwise it usually runs from the date of the writ.

It has been said that it is allowed as of right in trover, and actions for injury to or destruction of property, and also in awarding damages for land taken under the exercise of the right of eminent domain, when it is computed on the amount awarded from the date of the taking, which has usually been the time to which the rights of parties interested are brought for adjustment. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126, 127. *Parks* v. *Boston*, 8 Pick. 218. *Hay* v. *Commonwealth*, 183 Mass. 294, 295.

When his cause of action accrued the plaintiff had a right to

be fully recompensed whether he recovered under the statute or at common law, and if he then had sued out his writ instead of his complaint for damages an allowance of interest from that time to the date of the verdict on the amount found due would have made him whole.   But he failed in his first suit, and then brought the present action, and if he is to be placed in the position which the law contemplates, the jury could consider this lapse of time in their assessment of damages.

The principal sum to be ascertained would be the damages directly resulting from the acts of the defendant, assessed as of the time of the completion of the act, or series of acts, which caused the injury, and if the jury found that this method of assessment would not give the plaintiff full compensation because of the delay to which he had been subjected, they might allow such additional sum computed as interest at the legal or any reasonable rate they found proper and necessary for this purpose, and these sums combined would make the amount of damages assessed by them.   In making their award interest is not allowed as such for the detention of damages due and unpaid, but is awarded as additional damages so that the plaintiff can thus receive full indemnity for the wrong suffered.   *Frazer* v. *Bigelow Carpet Co.*, *ubi supra.*   *Ainsworth* v. *Lakin*, 180 Mass. 397, 402. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557, 559.

*Exceptions overruled.*