WILLIAM F. BARTLETT *vs.* CITY OF MEDFORD.

Middlesex.    March 12, 1925. — May 20, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Of value, Admitted without objection, In rebuttal. *Practice, Civil,* Conduct of trial: preliminary matters determined by judge.

At the trial of a petition for the assessment of damages caused by the taking by a city of land of the petitioner for the widening of a street, where it appeared that two thousand and seventy-three of five thousand two hundred and eighty-five square feet of the petitioner's land at the corner of two streets were taken, it was proper to admit evidence, offered by the petitioner, tending to show the price for which, three months after the taking, the petitioner sold his remaining land, there being evidence justifying a finding that the transaction was a genuine sale and the trial judge adequately instructing the jury that it was for them to say whether they believed the testimony in regard to this sale and that, if they found it to be a genuine sale, they might consider it on the question of the fair market value of the remaining land after the taking, but not as bearing on the value of the petitioner's land before the taking.

In the circumstances above described, the judge did not have the duty of deciding that the sale was a genuine one, but only that enough testimony was offered of its genuineness to make the evidence competent for the consideration of the jury.

At the trial above described, where the petitioner contended that his remaining land before the taking was worth $18 per square foot and after the taking $14.35 per square foot, the respondent, without objection, introduced in evidence the assessed value of the property for the last twelve years before the taking, which was in 1924, and it appeared therefrom that in 1916 the valuation was on the basis of $3 per square foot, and that the petitioner asked for and received an abatement of ten per cent in that year. In cross-examination the petitioner stated that his reason for asking for the abatement was that he desired his assessment to be on the basis of that of other land on the street, which had been given a lower valuation. In rebuttal the respondent city offered and the trial judge excluded testimony of an assessor as to the assessed value of land on the street in the vicinity of that of the petitioner in 1916. *Held,* that the excluded testimony would have raised a collateral issue, and that its exclusion was proper.

The mere fact, that at a trial testimony was admitted in cross-examination without objection, does not as a matter of law give the party putting it in the right to impeach it.

PETITION, filed in the Superior Court on August 19, 1924, and afterwards amended, for the assessment of damages

alleged to have been caused by the taking of real estate of the petitioner in the widening of Salem Street and Riverside Avenue in Medford.

In the Superior Court, the petition was tried before *Keating*, J. Material evidence and exceptions saved by the respondent are described in the opinion. The jury found for the petitioner in the sum of $40,546.67. The respondent alleged exceptions.

*L. G. Brooks*, for the respondent.

*L. Withington*, (*C. B. Cross* with him,) for the petitioner.

SANDERSON, J. This is a petition for the assessment of damages caused by a taking of real estate by the defendant on July 8, 1924, to widen Salem Street and Riverside Avenue in Medford. The petitioner's property, consisting of five thousand two hundred and eighty-five square feet of land with a brick building thereon, was located at the corner of the two streets. The city took two thousand and seventy-three feet of this land and rendered valueless the portion of the building which remained after the taking.

The testimony of the petitioner tended to prove that before the taking his front land was worth $18 and his back land $16 per square foot, and after the taking that his remaining land was worth $14.35 per square foot; while the testimony of the respondent tended to show that the fair market value of the land before the taking was $4 to $5 per square foot and the value of the land remaining was not changed by the taking. In support of his contention that his remaining land was damaged, the petitioner, subject to the respondent's exception, introduced testimony that this land was sold by him in October, 1924, for $45,200, or at the rate of about $14.07 per square foot. This testimony was properly admitted. Evidence of sales made after the date of a taking, have been held to be competent. *Manning* v. *Lowell*, 173 Mass. 100. *Peabody* v. *New York, New Haven & Hartford Railroad*, 187 Mass. 489. The fact that the price for the property was paid in large part by mortgages did not affect the competency of the testimony, provided the sale was a genuine one. *Fourth National Bank of Boston* v. *Commonwealth*, 212 Mass. 66. Sufficient testimony was introduced to justify a

finding that the transaction was a genuine sale; and the trial judge instructed the jury that it was for them to say whether they believed the testimony in regard to this sale and that, if they found it to be a genuine sale, they might consider it on the question of the fair market value of the remaining land after the taking, but not as bearing on the value of the petitioner's land before the taking. They were further instructed that, if they found that the amount paid at this sale was increased by the proposed widening of Salem Street and Riverside Avenue, they should not consider such increased value in arriving at the value of the petitioner's property. The judge did not have the duty of deciding that the sale was a genuine one, but only that enough testimony was offered of its genuineness to make the evidence competent for the consideration of the jury. *Commonwealth* v. *Robinson*, 146 Mass. 571, 580.

A ruling admitting testimony means, even in the case where a statute requires a preliminary finding of facts, that all the findings required for the determination of its competency have been made. *Newton Centre Trust Co.* v. *Stuart*, 208 Mass. 221. The jury then have the responsibility of weighing the evidence and deciding the case upon all of the evidence, and it is within their exclusive province to decide what testimony they will believe.

The second exception relates to testimony offered in rebuttal. The respondent, without objection, introduced in evidence the assessed value of the property for the last twelve years before the taking. It appeared that in 1916 this valuation was on the basis of $3 per square foot, and that the petitioner asked for and received an abatement of ten per cent in that year. In cross-examination he was asked his reason for requesting the abatement, and stated in substance that it was because other land in the vicinity of Medford Square adjoining his land was assessed lower than his and that he wanted to be put on a basis with other property owners abutting on the square. The respondent in rebuttal called an assessor to testify to the assessed value, in 1916, of the property of one Lawrence on the southerly side of Salem Street, and abutting on the petitioner's property in the rear;

and also to the result of this witness's examination of the assessors' book to determine whether the petitioner's property was assessed for more or less than other property in Medford Square in 1916. This testimony was excluded subject to the respondent's exception. It then offered the records showing assessments in Medford Square in 1916, for the purpose of rebutting the testimony of the petitioner brought out in cross-examination. This was also excluded subject to its exception.

In *Johnson* v. *Lowell*, 240 Mass. 546, it was held to be reversible error to admit assessed value of other land in the vicinity of the petitioner's land after the respondent had introduced evidence under the statute of the assessed value of the petitioner's land for the three years preceding the taking. The assessed valuation in 1916 was not competent under the statute. It was in without objection, but testimony which gets into a case in this way does not give the party putting it in the right to impeach it. *Gorham* v. *Moor*, 197 Mass. 522. *Casavan* v. *Sage*, 201 Mass. 547. The testimony offered in rebuttal raised a collateral issue and might, if admitted, lead to an inquiry into the relative values of all land abutting on Medford Square. The ruling of the trial judge excluding the testimony was right.

*Exceptions overruled.*