■ MARY S. DORMANN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33271.)— Claimant appeals from a judgment of the Court of Claims which awarded her the sum of $10,000 for an appropriation of land in the town of Clarkstown, Rockland County, New York, taken in connection with the construction of the State Thruway system and a highway known as Route 59. Claimant had a restaurant and bar upon the premises which lay east of the Thruway and on the north side of Route 59. The State appropriated two parcels in fee: (1) a triangular piece adjacent to the Thruway, .08 of an acre in size, and this taking left no right of access across it; and (2) a strip of land abutting and extending along Route 59 for a distance of 268 feet in length and about 12½ feet wide. Prior to the appropriation the restaurant building was 30 feet from the bounds of Route 59, and the appropriation of the second parcel reduced this area to 19 feet. The easterly 17.75 feet of frontage on Route 59 were not appropriated. Claimant argues that the appropriation of the fee for the strip of land along Route 59 without expressly reserving to her the right of access cut her property from the public highway except for the 17.75 foot frontage which was not taken. Her appraisers testified as to damages upon this assumption without offering alternative opinions as to value. It clearly appears from the record that the land so taken was for the purpose of widening the highway at that point to connect with an overhead bridge to be constructed over the Thruway. Hence the land thus taken was devoted to a highway use and became a part of the highway, and the Court of Claims so held. As such, claimant had a right of access over it in its entirety to every part of her land (*Griefer* v. *County of Sullivan*, 246 App. Div. 386, affd. 273 N. Y. 515; *Robinson* v. *State of New York*, 3 A D 2d 326). The situation in this respect was wholly different from the parcel taken for the Thruway itself over which there was no right of access. The appropriation was made in February, 1954 and in May, 1956 claimant sold the remainder of the property for the sum of $65,000. Several times in the trial the State attempted to introduce evidence of the after sale and finally succeeded in getting the fact in the record from cross-examination of claimant. When asked if the remaining property had any value as a restaurant she answered in the negative, and then the trial court accepted proof of the after sale, and also proof that the purchaser bought the remainder for use as a restaurant. Appellant assigns this ruling as a serious error. While it may be that the manner in which this testimony was elicited was irregular we are of the opinion nevertheless that the evidence was admissible. It seems reasonably clear that the sale was made in good faith and in the ordinary course

of business (Court of Claims Act, § 16). We find no case precisely in point where testimony was received of a sale two years after an appropriation but sales made prior to an appropriation for an even longer period of time have been approved (*Village of Lawrence* v. *Greenwood,* 300 N. Y. 231). The rule in Massachusetts is that testimony of after sales within a reasonable time is admissible and we see no good reason why the same rule should not apply in this State (*Bartlett* v. *City of Medford,* 252 Mass. 311; *Peabody* v. *New York, New Haven & Hartford R. R. Co.,* 187 Mass. 489; 155 A. L. R. 262). Appellant also argues that the evidence of the after sale was inadmissible because no notice was served by the Attorney-General at least 20 days before the trial that he intended to use such evidence upon the trial as required by section 16 of the Court of Claims Act. This section was quite evidently designed to prevent surprise and give a claimant opportunity to verify or meet such proof. In this case since the claimant made the sale herself she cannot claim surprise in good faith, and the statute should not be construed to require the State to give notice what is already known to the claimant. The testimony of claimant's appraisers was not very impressive, but in any event it was based on the erroneous assumption of nonaccess over the parcel taken to widen Route 59 and hence was of no probative value. The evidence with relation to the cost of a new sanitation system had little bearing on the claim. No changes were made in it and the purchaser of the property testified that he did not contemplate making any changes. In any event the correct rule of damages, which the trial court applied, was the difference between the fair market value of the whole of the property before appropriation and the fair market value of the remainder (*Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25; Orgel on Valuation Under Eminent Domain [2d ed.], § 64). Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.