**STATE ex rel. STATE HIGHWAY COM-MISSION of Missouri, Respondent-Plaintiff,**

v.

**Wesley WERTZ et al., On Exceptions of Ken Bender Buick Pontiac, Inc., a Corporation, et al., Appellants-Defendants.**

No. 55889.

Supreme Court of Missouri, Division No. 1.

April 10, 1972.

Robert L. Hyder, Jefferson City, Paul R. Ferber, Kirkwood, for respondent-plaintiff.

Richard Marx, Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for appellants-defendants.

BARDGETT, Judge.

In this action for condemnation of land for State Highway purposes the jury award of compensation to Ken Bender Buick Pontiac, Inc., and other nominal parties was $17,600.00. The sum of $20,-000.00 had previously been paid into court by the Highway Commission on July 3, 1968, pursuant to an award in that sum made by the court-appointed commissioners, to which both the Highway Commission and Ken Bender took exceptions and the case was tried on both exceptions. The judgment of the court ordered defendants, Ken Bender et al., to repay to the state the sum of $2,400.00 plus interest thereon from July 17, 1968, the date said $20,000.00 was withdrawn from the court by Ken Bender et al. The difference between the jury award and the amount appellant Ken Bender et al. claims to be entitled to under appellant's evidence exceeds $15,000.00. The appeal having been taken on June 26, 1970, jurisdiction is in this court. Mo.Const. 1945, Art. V, § 3, as amended, V.A.M.S.; § 477.040, RSMo 1969, V.A.M.S.

Appellant contends the trial court erred in excluding evidence of alleged comparable sales, which sales were made *after* the date of taking, and in excluding value testimony of one of appellant's appraisers, Zerr, on the grounds that the method used by Zerr in arriving at his value figures was improper.

The State Highway Commission (hereafter Commission) instituted this suit in St. Charles County on Dec. 8, 1967, to condemn certain parcels of land for the widening of First Capitol Drive (Highway 94) in the City of St. Charles, Mo. The appellant's property is located on the northwest corner of Highway 94 and Interstate 70. The date of taking was July 3, 1968. Prior to the taking, appellant's tract consisted of 6.1 acres, and was reduced to 5.46 acres by the taking of 54/100 of one acre—approximately ½ acre.

Appellant Bender acquired the property in February 1964, and established an automobile dealership on it, occupying it in Sept. 1964. The property was located about 20 to 25 feet below the level of Rt. 94. The purchase price for the acreage in 1964 was $46,000.00. The portion taken was a strip fronting principally on Rt. 94, roughly rectangular in shape, beginning at I–70 and running generally north along Rt. 94.

Appellant called Dave J. Auchly to testify to an alleged comparable sale. The sale involved two adjacent parcels of property which, together, extended 140 feet along Rt. 94 and were from 153 to 164 feet deep and were located directly across from the appellant's driveway. A portion of the direct examination of Mr. Auchly is as follows:

"Q. What was the date of that sale, Mr. Auchly? A. The date of the sale was March 27, 1969.

Q. And for the 140 feet by somewhere between 153 and 164 plus, what was the sales price?

MR. FERBER: Just a minute. May we approach the Bench, Your Honor?

THE COURT: Yes sir.

OUT OF THE HEARING OF THE JURY:

THE COURT: Proceed, Mr. Ferber.

MR. FERBER: Your Honor, at this time I would object to any testimony concerning the sale price of this alleged

comparable piece of property for two reasons: Number 1: It is smaller in size than the subject property and, secondly: The sale of this alleged comparable took place some eight or nine months after the taking of the subject property, and, accordingly, is incompetent, irrelevant and immaterial. It would reflect an enhancement in value as a result of the improvements that took place on Highway 94 in this condemnation suit.

MR. MARX: It is up to the State to show potential benefits that might have accrued. The courts have let in after sales when they are not too far removed.

THE COURT: Off the record, Mr. Wellington.

(Colloquy between Court and counsel)

THE COURT: The objection will be sustained.

MR. MARX: I am going to make a proffer: Had this witness been permitted to answer the question he would have testified that the sales price of the 140 feet was $85,000.00 in March, 1969.

THE COURT: Proffer denied."

Subsequently respondent, Commission, called a Mr. Bruce Campbell as a witness to testify to an alleged comparable sale of a ten-acre tract having a 450 foot frontage on Rt. 94 and located a short distance to the north of the Bender tract. The witness testified that his organization purchased the ten-acre tract in 1964 for $100,-000.00. On cross-examination by appellant's attorney the witness testified that he sold off approximately one-half acre in the summer of 1969. The following then occurred at the bench and out of the hearing of the jury.

"THE COURT: Go ahead, Mr. Ferber.

MR. FERBER: Your Honor, I would object to any interrogation concerning the sale price of the portion mentioned here to the Pass Car Wash for the reason that the sale took place at least a year after the taking and, also, is not comparable to the subject property in size.

MR. MARX: The defendants' position is that they brought in this comparable— the same size and right next door.

THE COURT: The objection will be sustained.

MR. MARX: I would like to make a proffer that if this witness were permitted to answer the question he would testify that the one-half acre sold for $50,000.00 and counsel for the plaintiff stipulated that the one half acre fronted on Highway 94.

THE COURT: The proffer will be denied."

It is the position of appellant that respondent's objection to the testimony of Mr. Auchly and Mr. Ferber was sustained on the ground that the sales occurred *after* the date of taking and not on any other grounds. In oral argument respondent agreed that the objection was not ruled on the basis that the tracts involved in the after taking sales were not of comparable size to the total Bender tract of 6.1 acres but asserts that the objection was properly sustained on the basis that the after taking sales were of property located on the improvement, that is on Highway 94, and therefore the court was correct in sustaining the objections as, respondent says, the value placed on the property would represent increase in value due to the improvement itself and that appellant is not entitled to compensation for the property taken which represents such increments. Respondent stated that the objection was sustained because the sales occurred *after* the date of taking but also contends, as stated above, that an additional reason for sustaining the objections was that the property had increased in value due to the improvements which was the purpose of the condemnation. The objection made to the Auchly testimony did include the assertion that "It would reflect an enhancement in value as a result of the improvements that

took place on Highway 94 in this condemnation suit." The objection to the Campbell testimony was, other than noncomparability in size which the stipulation in oral argument and our review of the record demonstrate was not the basis for the ruling, merely asserted that the Campbell testimony concerned an after taking sale. There is no evidence in the record from which it could be determined that the improvement had taken place by the time of either of these sales nor was there any evidence that the road improvement had an effect upon property values on or near Highway 94.

It is evident from the record that the only reason for sustaining the objections to the Auchly and Campbell testimony was that the two sales referred to by these witnesses took place *after* the date of taking— one being eight or nine months later and the other being about one year later. In short, the trial court ruled that as a matter of law sales of comparable property which took place after the date of taking are not admissible because they took place *after* the date of taking.

Both parties advise that their research had not revealed that this court has previously squarely ruled on this point. We will do so now.

This court has stated that: "The general rule is that evidence of the sale price of property similarly located to that involved, and made in the neighborhood reasonably near the time of taking, is admissible to aid the triers of fact in determining the compensation to which the owner is entitled for the taking of the property." State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654, l.c. 662; Union Electric Co. v. Menkhaus, Mo.App., 370 S.W.2d 619.

In City of St. Louis v. Vasquez, Mo., 341 S.W.2d 839, the City of St. Louis had condemned certain property to enlarge Lambert Air Field owned by St. Louis. The date of taking was Feb. 21, 1957. The trial court allowed into evidence testimony with

reference to three sales; one in August 1955 for $4,500.00 per acre; one on December 20, 1956, for $13,000.00 per acre; and one on March 20, 1957, for $13,000.00 per acre. The last sale took place after the date of taking. The question of whether the after-the-taking sale was admissible was not an issue on appeal. When the appellant, City of St. Louis, sought to prove the 1955 sale, counsel for respondent objected on the ground of remoteness, contending that the latter two were the "most comparable" sales. The court overruled the objection and admitted the evidence of the 1955 sale. This court said, l.c. 845: "Under these circumstances the jury could not reasonably have interpreted 'sales and prices most recently obtained' to exclude the 1955 sale and include only the 1956 and 1957 sales." It appears that this court has therefore given some recognition to the probative value of after taking sales.

Subsequently this court decided the case of State ex rel. State Highway Commission v. Bowling, Mo., Banc, 414 S.W.2d 551. It is a highway condemnation case. The date of taking was October 1963. The issue on appeal was the admissibility of testimony about a contract of sale pertaining to a comparable piece of property that was entered into in April 1965, some eighteen months after the date of taking. The issue as to admissibility of the contract was principally whether the contract was executory, as was the one in School Dist. of Clayton v. Kelsey, 355 Mo. 478, 196 S.W.2d 860, or was an executed contract; however, the question of whether a contract for sale or a sale of comparable property after date of taking was obviously involved as pointed out in the opinion concurring in result filed by Judge Storckman. The contract there under consideration was entered on April 30, 1965. It provided that the total consideration for the sale was $80,000.00; that the date of closing was to be October 1971; that on date of closing a properly executed warranty deed was to be delivered and that the sum of $20,000.00 was to be paid on date of closing with the remainder of the purchase price, $60,000.00,

to be evidenced by a note for $60,000.00; and that the purchaser under the agreement "will hold the premises for a period of six years commencing October 1, 1965, and ending September 30, 1971, as lessee for a monthly rental of $400 a month. And the contract of purchase is as of the date at the end of the lease." State ex rel. Highway Commission v. Bowling, supra, 414 S.W.2d 551, l.c. 553.

The principal opinion held the previous general exclusionary rule announced in Kelsey was not wholly sound but that the trial court did not err in excluding the contract in Bowling, because the price mentioned in the contract was speculative in that it attempted to state the value of the land several years hence, to-wit: 1971. The principal opinion at least modified, if it did not overrule Kelsey, supra. The principal opinion clearly indicates that had the contract entered into in April 1965 been a sale at that time it would have been admissible as a comparable sale. Judge Eager concurred but expressed the view that the principal opinion overruled Kelsey, supra. Judge Donnelly concurred in result but expressed the opinion that Kelsey, supra, was sound and should not be overruled and concurred in result only. Judge Storckman concurred in result only and expressed the view that the principal opinion's treatment of Kelsey, supra, was obiter dictum, and then went on to say, 414 S.W. 2d 551, l.c. 556–557: " * * * I believe it is the general policy to exclude evidence of sales made *after* the date of taking regardless of whether it is a completed sale or merely executory. * * * The cases demonstrate that the evidence of expert witnesses and of sales completed *before* the taking of the land in question is generally available and sufficient to give the jury some reliable standards on which to assess the damages.

"Since I do not agree with the treatment accorded the Kelsey case in the majority opinion, I concur in the result only."

Judge Finch filed a dissenting opinion in which Holman and Seiler, JJ., concur-

red. This dissenting opinion reviewed many prior Missouri cases, and Judge Finch expressed the view that the contract under consideration was a "currently executed, binding, written contract to sell and buy, respectively." He further stated that "If such a contract had called for payments of $400 per month until October 1, 1971, with a payment of $20,000 at that time and the remaining $60,000 subsequently, and with a deed to be delivered when the $20,000 was paid, can there be any question but that this would have been a present sale, with the evidence of the sale price admissible herein?" and expressed the view that the Kelsey case was wrong and should be overruled.

Here again, although the question of the time of a sale—before or after the taking —was not the direct issue in the case, it strongly appears that the majority of this court, when dealing with a case where the contract was executed some 18 months after the date of taking, did not believe that the fact that it took place after the date of taking automatically and as a matter of law prevented it from being considered as a valid comparable.

Hance v. State Roads Commission of Maryland, 221 Md. 164, 156 A.2d 644 involved the question of the admissibility of an after taking sale and was a case of first impression in Maryland. That Court held such sales were admissible. The following quote from the Maryland Court is appropriate: "1 Orgel, Valuation under Eminent Domain, Section 139, says: 'Generally speaking, the courts make no distinction between sales occurring prior to the taking and sales consummated after the date when title has vested in the condemner. They usually admit the latter type of evidence, sometimes qualifying their ruling by stating that the sale adduced must not be too remote in time or that there must be no drastic change in market conditions.' The cases and other text-writers amply support this statement by Mr. Orgel. One of the earliest decisions upon the subject and, perhaps, the leading case concerning the same is

Roberts v. City of Boston, 1889, 149 Mass. 346, 21 N.E. 668. There, it was flatly held that two sales—one five months after the taking; the other twenty months thereafter—were admissible in evidence. This decision was followed in Bartlett v. City of Medford, 1925, 252 Mass. 311, 147 N.E. 739. See also Morrison v. Cottonwood Development Co., 1928, 38 Wyo. 190, 266 P. 117, 121; Pauly v. State, 1958, 14 Misc.2d 314, 179 N.Y.S.2d 88; Dormann v. State, 4 A.D.2d 979, 167 N.Y.S.2d 760; Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 1952, 252 S.W.2d 963; City of Houston v. Collins, Tex.Civ.App., 1958, 310 S.W.2d 697, 705; 5 Nichols, Eminent Domain, 21.31[3]. Cf. In re West 205th Street, in Borough of Manhattan, 240 N.Y. 68, 147 N.E. 361. Undoubtedly, the question of the admission of the price realized from the sale of other comparable property in the same locality usually involves those sales which have been made before the date of the taking. However, we agree with the great weight of authority upon the subject, and see no reason why the same rule should not be applicable to sales taking place subsequent to the taking. In either event, the price sought to be offered must not have been materially enhanced or decreased by the project or improvement occasioning the taking. Cf. Bonaparte v. Mayor & City Council of Baltimore City, 131 Md. 80, 83, 101 A. 594; Congressional School of Aeronautics, Inc. v. State Roads Commission, 218 Md. 236, 249, 250, 146 A.2d 558. Subject to the inference we drew above, we hold the evidence of this sale should have been admitted."

In the case of State by Kobayashi v. Heirs of Kapahi, 48 Haw. 101, 395 P.2d 932, the condemning authority, State of Hawaii, appealed, contending inter alia, that the trial judge erred in admitting into evidence testimony concerning an after taking comparable sale or lease. The court upheld the admission of an after taking lease saying, l.c. 939[5] "So long as it meets the test of comparability of commodity and propinquity, evidence of com-

merce in land after the date of condemnation has been held competent and admissible as bearing on the value of the condemned land at the time of the taking. Roberts v. City of Boston, 149 Mass. 346, 21 N.E. 668; Bartlett v. City of Medford, 252 Mass. 311, 147 N.E. 739; Morrison v. Cottonwood Development Co., 38 Wyo. 190, 266 P. 117; Kansas City v. Boruff, 295 Mo. 28, 243 S.W. 167; Dormann v. State, 4 A.D.2d 979, 167 N.Y.S.2d 760; Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So.2d 467; Housing Authority of City of Dallas v. Shambray, 252 S.W.2d 963 (Tex.Civ.App.1952); Housing Authority of City of Dallas v. Hubbard, 274 S.W.2d 165 (Tex.Civ.App. 1954); State v. Thompson, 290 S.W.2d 319 (Tex.Civ.App.1956). Cf. Redfield v. Iowa State Highway Commission, 252 Iowa 1256, 110 N.W.2d 397; Iowa Development Co. v. Iowa State Highway Commission, 252 Iowa 978, 108 N.W.2d 487; Hance v. State Roads Commission of Maryland, 221 Md. 164, 156 A.2d 644.

"[6, 7] From the foregoing authorities emerge the following applicable principles: Where evidence of a comparable sale or lease is offered, the trial judge may, in his discretion, admit or exclude it considering such factors as time of the transaction, size, shape and character of the comparable land, and whether there has been any enhancement or depression in value. It makes no difference whether the transaction occurred before or after the date of condemnation so long as it is not too remote a period of time and the land is reasonably comparable, having been neither enhanced or decreased in value by the project or improvement occasioning the taking. The weight to be given such evidence is for the jury. The trial judge's determination as to admissibility or nonadmissibility of such evidence will not be upset on appeal unless it is a clear abuse of discretion. See also: 18 Am.Jur., Eminent Domain, § 351; 29 C.J.S. Eminent Domain § 273; 30 C.J.S. Eminent Domain § 363; 4 Nichols on Eminent Domain (3d ed.), § 12.311(3); 6 Nichols on Eminent Domain (3d ed.), §

26.731(2); II Wigmore on Evidence (3d ed.), § 463."

Vic Regnier Builders, Inc. v. Linwood School District No. 1, 189 Kan. 360, 369 P.2d 316, involved a condemnation of land for public school purposes. From a judgment in favor of the condemnee the condemnor, school district, appealed. The date of taking was Sept. 4, 1959. One issue on appeal was the admissibility of a sale of land across the street from the condemned property which sale took place in June 1960, some nine months after the date of taking. The court upheld the admissibility of the evidence saying, l.c. 319[6]: "Evidence on an issue of market value of real estate, in order to be competent, must relate to the time as of which the value of the property is to be determined, in this case September 4, 1959. To prove such market value, the evidence need not be confined to the very day of the taking but proof of value within a reasonable time before or after the date of the taking may be received and considered by the jury (Constant v. Lehman, 52 Kan. 227, 34 P. 745). In condemnation proceedings the value of real estate can seldom be fixed at the very place and on the very date of the taking. Unlike the value of articles of daily use constantly bought and sold in the market sales of real estate in any given community are usually made only at considerable intervals of time and it is proper to prove value at a time before or after the date of the taking, that it may reasonably throw light upon the value at the time of the taking."

Appellant cites Orgel on Valuation under Eminent Domain, Vol. 1, 2d Ed., § 139, pp. 590–591, in which it is stated that: "In the usual run of cases, a sale within a year is admitted as a matter of course. In any case, however, a finding that the evidence falls within a reasonable time does not imply that market conditions are precisely the same and it remains open to either party to dispute the significance of the sale by proving a change in market conditions. Generally speaking, the courts make no distinction between sales occurring prior to the taking and sales consummated after the date when title has vested in the condemner. They usually admit the latter type of evidence, sometimes qualifying their ruling by stating that the sale adduced must not be too remote in time or that there must be no drastic change in market conditions. [Footnotes omitted.]"

Respondent cites Nichols on Eminent Domain, 3rd Ed., Sec. 21.31(2), commencing at pp. 21–76 as follows: "Although there is ample authority to the contrary, it had been said that, in view of the fact that there is no presumption from the fact that a certain condition exists, that such condition previously existed, evidence of sales made subsequent to the taking are not admissible unless made almost simultaneously with the taking.

"However, it has been held that post-taking sales are admissible to prove the after-value of the remainder area. But where the sale price reflects an important enhancement of value because of the building of the project which has prompted the taking, the sale is not admissible. [Footnotes omitted.]"

It appears that both textwriters arrive at the same conclusion by different routes, the conclusion being that after taking sales are generally not excluded as a matter of law just because they occurred after the date of taking.

Dormann v. State, 4 A.D.2d 979, 167 N.Y.S.2d 760 involved a condemnation for a state highway. The state offered and the court received evidence of a sale of the remainder of Dormann's property that took place some two years after the date of taking and the correctness of this ruling was the issue on appeal. The court approved of the admissibility of the evidence saying: "We find no case precisely in point where testimony was received of a sale two years after an appropriation but sales made prior to an appropriation for an even longer period of time have been approved (Village of Lawrence v. Greenwood, 300 N.Y. 231,

90 N.E.2d 53). The rule in Massachusetts is that testimony of after sales within a reasonable time is admissible and we see no good reason why the same rule should not apply in this State (Bartlett v. City of Medford, 252 Mass. 311, 147 N.E. 739; Peabody v. New York, N. H. & H. R. Co., 187 Mass. 489, 73 N.E. 649; 155 A.L.R. 262)." at l.c. 762. See also United States ex rel. T.V.A. v. Easement and Right of Way, 6th Cir., 405 F.2d 305; State v. Dickerson, Tex.Civ.App., 370 S.W.2d 742.

■■ In the instant case the trial court sustained the objections to the two after taking sales believing the same to be inadmissible as a matter of law. In this the trial court was in error. While we adhere to the general rule that the admission of evidence of comparable sales rests largely in the discretion of the trial court and the trial court's judgment in the matter will not be disturbed except if manifestly abused, this case presents a situation in which the trial court did not exercise its discretionary powers, but, in effect, held that it did not have discretion to permit the evidence to be introduced, and on that basis sustained the objections.

■ On the record before this Court it cannot be said that the evidence of the subsequent sales was inadmissible as a matter of law, and we cannot determine that had the court exercised its discretionary powers that the court would have held the evidence inadmissible. It is for the trial court to determine whether or not, under the evidence, the proffered subsequent sales price has been so affected by the object of the condemnation, whether it be an increase or decrease in property value, that the subsequent sales evidence is substantially lacking in probative value upon the issue involved, to-wit: the damages suffered by the landowner as of the date of taking. We recognize that in some instances the subsequent sale price will have been substantially affected by the object of the condemnation and in such instances the evidence of the subsequent sale should not be admitted. On the other hand, there will be instances where the effect of the condemnation on the after the taking sales is slight or the effect is subject to being explained by evidence, and in such instances the evidence ought to be admitted, if the trial court determines that it would still be of substantial probative value on the issue of damages sustained as of the date of taking.

If Auchly's testimony had been admitted, the jury would have had for its consideration the sale of a comparable tract for a sum of $85,000.00 in March 1969, just eight or nine months after the date of taking. If Campbell's testimony had been admitted the jury would have had for its consideration the sale of a comparable one-half acre tract for $50,000.00 approximately one year after date of taking.

The landowner was entitled to have the court consider the evidence of these sales and to enter its discretionary ruling, based upon the evidence presented, as to whether or not there was sufficient probative value in the proffered evidence so as to permit the jury to consider it.

■ We recognize that there is authority to the contrary. However, the better rule is that evidence of comparable sales made after the date of taking is generally as admissible as evidence of sales made prior to the date of taking and subject to the same discretionary authority of the trial court. This holding is in accordance with the prior practice in Missouri. City of St. Louis v. Vasquez, supra; State ex rel. Highway Commission v. Bowling, supra.

For the reasons stated the cause must be reversed and remanded for a new trial.

The remaining point asserted by appellant concerns the testimony of one of appellant's expert value witnesses and the method he used at arriving at his opinion of damages. Respondent points out that the testimony is at least confusing, and the record seems to bear this out. We need not anticipate that the same confusion will oc-

cur on retrial and, therefore, do not rule the point.

The judgment is reversed and the cause remanded for new trial.

All of the Judges concur.