**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Appellant,**

v.

**William A. ZANG et al., on Exceptions of Howard Doran Proctor, et al., Respondents.**

**No. 25822.**

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Robert L. Hyder and Thomas E. Cheatham, Jefferson City, for appellant.

Wilbur L. Pollard and William Harrison Norton, North Kansas City, for respondents.

Before SHANGLER, C. J., and PRITCHARD, CROSS, DIXON, SWOFFORD and WASSERSTROM, JJ.

PRITCHARD, Judge.

Two points are presented by the State Highway Commission on its appeal from an award by the jury of $17,000.00 damages for the taking of the property of respondents Proctor for highway purposes. The first point relates to the trial court's giving of a so-called "term instruction" to the incoming jury panel, generally as to jury duties, on the first day of the term of court, as had been the custom and practice of the court for many years. It is argued that the "term instruction" is a prejudicially erroneous deviation from the mandatory MAI 2.01. It is noted that MAI 2.01 *was* given to the twelve persons chosen and sworn to try the case.

The term instruction is contained in 23 pages of the transcript. The Commission concedes in its brief that this instruction covered the same elements as MAI 2.01, among others, and it "would not argue that the trial court's lengthy instruction to the jury of its duties is not a serious and well thought-out effort on his part to assist the jury." The term instruction has been inspected and compared with MAI 2.01, and no substantial deviation is found. The matter then descends to that of the giving of repetitive or multiple instructions on the same subject, long held not to be in itself reversible error. " '[R]ep-

etitious instructions will not constitute reversible error unless it plainly appears that they were in fact calculated to confuse or mislead.'" Dudeck v. Ellis, Mo., 399 S. W.2d 80, 93[8–10]; and Knowles v. Goswick, Mo., 476 S.W.2d 563, 567[4]. And in connection with the matter complained of, see Rule 69.02, V.A.M.R., relating to "Handbook of Information for Jurors" wherein the court may in its discretion provide prospective jurors with the handbook advising them as to their duties and matters involved in the progress of a trial, or may orally instruct the jury in conformity with the handbook. The court's "term instruction" is lengthy, and thus is not in accordance with the basic purpose of MAI, "One of the main objectives of the reform movement which culminated in the MAI form book, with its specific directions for use, was to avoid the 'sheer volume of words' which it was recognized might in itself be confusing to a juror, by cutting the instructions to the bare essentials. MAI XVII." Nugent v. Hamilton & Son, Inc., Mo., 417 S.W.2d 939, 941[3]. Since there exists no substantial deviation, and the "term instruction" is not confusing or misleading, no prejudicial error is present, and Point I is overruled.

The second point relates to the admission of testimony of expert witness, Alfred Berdin, as to respondents' damages. He testified that he did all of the appraisal work for the Bank of America Southern California for a period in excess of two years. He was in his second year as an associate in the real estate business in Galt, Missouri. He had specialized in the sale of farmland and had sold it in the north Missouri area. Berdin went to the Proctor property and inspected it. The Proctor home was a modern, comfortable, five room square structure in good condition, but the home itself was not being taken. The house would be 60 feet from the north highway right-of-way, 125 feet from the west, and 60 feet from the entrance. There was a well on the east side of the highway, and the taking of the well and its

pump house would cut off the water supply to the house and the barn. There was a good, solid, concrete floor barn which would be taken as well as a calf barn. Berdin valued the well and piping at $2,000.00, the barn at $4,000.00 and the calf barn at $2,500.00, and another house which was taken at $4,000.00. A pool, pipe, fence, re-fencing and seeding a dam would amount to $2,200.00, and 13 trees taken were valued at $850.00. 5.76 acres of land were taken which he valued at $500.00 per acre or $2,880.00, and all items, based upon *replacement* value, as brought out on cross-examination, totalled $22,115.00 according to Berdin. Berdin went to the property the Saturday morning before trial, and he did not know in what condition the property was on May 31, 1970, (the date of taking) except from "just driving past there." Upon motion, the court struck the portion of the testimony giving specific damages. An objection was made as to Berdin's "before and after" value of the property on the ground that he had never seen the property at the date of taking. The objection was overruled. The value he gave before the taking was put by Berdin at $20,000.00, and afterward at $2,000.00.

Landowner Howard Doran Proctor gave the value of his property before the taking at $25,000.00, and its value afterward at $3,000.00. For the Commission, three witnesses, who had been court-appointed commissioners, set the damages for the taking from $6,100.00 to $6,361.00.

The contention that witness Berdin considered improper elements in valuing the property before and after the taking is out of the case because the court struck his testimony of specific damages. But note that such testimony is not necessarily and always inadmissible if it brings out any relevant facts upon which the expert witness based his opinion. State of Missouri, ex rel. State Highway Commission v. Dockery, Mo., 300 S.W.2d 444, 449, and

the there cited case of City of St. Louis v. Turner, 331 Mo. 834, 55 S.W.2d 942. As to the contention in the Commission's brief, that Berdin did not value the property as a whole, and based his testimony on offers or bids as to the value of the property before the taking, that testimony was brought out on cross-examination by the Commission, and upon those grounds there was no objection and no motion to strike it.

■ Although Berdin finally related his testimony to the difference between the before and after taking market values, the fact that he had not inspected the property at or near the taking date was in the case, and could be considered as to the weight to be accorded his testimony. This situation does not render his testimony inadmissible. In Vic Regnier Builders, Inc. v. Linwood School Dist. No. 1, 189 Kan. 360, 369 P.2d 316, 319[6] (cited and quoted in State ex rel. State Highway Commission v. Wertz, Mo., 478 S.W.2d 670, 676), it was said, "To prove such market value, the evidence need not be confined to the very day of the taking but proof of value within a reasonable time before or after the date of the taking may be received and considered by the jury (Constant v. Lehman, 52 Kan. 227, 34 P. 745)." In the Wertz case (as an analogy to the facts here), it was held to have been error to have excluded evidence of comparable sales which were made 8 or 9 months after the date of taking. See also State ex rel. Burcham v. Drainage District No. 25, Mo.App., 272 S.W.2d 712, 715[4], where the court quoted State ex rel. Kansas City Power & Light Co. v. Gauld, Mo., 230 S.W.2d 850, 852, "In our opinion it was not essential that the two witnesses should have gone on and inspected the land both before and after the condemnation." No error appears with respect to the admission of Berdin's testimony, and Point II is overruled.

The judgment is affirmed.

All concur.